THE STATE *ex rel.* ROSENBLATT V. SARGEANT *et al., Appellants.*

1. **Taxes**; EXECUTION AGAINST SEVERAL LOTS. Under the revenue act of 1877 every parcel of land is liable for its own taxes, and no parcel is liable for the taxes of any other. Where, therefore, an execution ran against several lots, and at the sale a portion of them brought enough to pay the taxes on all; *Held,* that this did not make it the duty of the sheriff to stop the sale. He had no power to apply any part of the proceeds of the lots sold to the payment of the taxes due on the remainder and it made no difference that all the lots belonged to the same owners.

2. ———. There is no question of the constitutionality of that provision of the revenue act of 1877 which authorizes the enforcement of a lien against the land without any personal judgment against the owner.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Broadhead, Slayback & Haeussler* for appellants.

A sheriff can in no case sell property after he has realized enough to satisfy the writ. *Stover v. Boswell,* 3 Dana 235; *Durette v. Briggs,* 47 Mo. 361; Cooley on Taxation, 343; *Tiernan v. Wilson,* 6 Johns. Ch. 411; *Henson v. Deggert,* 8 Johns. 333; *Patterson v. Carneal,* 3 A. K. Mars. (Ky.) 619; *Davidson v. McMurtry,* 2 J. J. Mars. (Ky.) 68; *Shropshire v. Pullen,* 3 Bush 512; *State v. Yancy,* 61 Mo. 399; *Phillips v. Evans,* 64 Mo. 24. The sale, as made, was the one most likely to sacrifice the property of defendants, and deter bidders, that could have been adopted, and under such a state of facts, the court at all times exercises its discretion and sets aside the sale. *State v. Yancy,* 61 Mo. 397. An application to set aside a sale under execution before the return day of the writ, is directed to the discretion of the court. The court will not deprive the debtor of his entire property at a grossly inadequate sum, and vest it in another, regardless of the sum due. *Nelson v. Brown,* 23 Mo. 19; *Phillips v. Evans,* 64 Mo. 24; *State v. Yancy,* 61

Mo. 397; *Bouldin v. Ewart*, 63 Mo. 336; *Rector v. Hartt*, 8 Mo. 448.   If the act makes it compulsory on the officer to sell each lot or a part of each, separately, regardless of situation and condition, then it is unconstitutional in that respect, for it is in effect taking all of a man's property and placing the title in another; it would be confiscation by the State.   *Martin v. Snowden*, 18 Gratt. 100; *Downey v. Nutt*, 19 Gratt. 59; *Loan Ass'n v. Topeka*, 20 Wall. 655; *O'Brien v. Coulter*, 2 Blackf. 421.

*King & Chapin* for the collector.

The revenue law of Missouri requires real estate to be assessed by block and lots when such subdivisions exist. " Each tract of land or town lot shall be assessed and valued separately."   Wag. Stat. 1872, p. 1167, § 49; Wag. Stat. 1872, p. 1168, § 54; Wag. Stat. 1872, p. 1173, § 75; R. S. 1879, p. 1316, § 6711; Art. 5, § 15 *et seq.*, p. 81 of Scheme and Charter, City of St. Louis.   One lot or parcel of land cannot be sold to pay the taxes of another lot or parcel of land owned by the same person.   The sales under the back tax act of April 12th, 1877, and its amendments, are judicial sales, and as such are entitled to all the presumptions in their favor that any such sale is entitled to. *Rector v. Hartt*, 8 Mo. 448; *Welshear v. Kelly*, 69 Mo. 348.

*Donovan & Conroy* for the purchaser.

HOUGH, C. J.—In October, 1880, in a suit by the collector of the city of St. Louis to recover back taxes due on ten contiguous lots in said city, numbered from 4 to 13 inclusive, and owned by ten persons, named as defendants in said suit, as tenants in common, judgment was rendered for the plaintiff, wherein the amount of taxes and interest due on each separate lot was ascertained and declared to be a lien, and it was decreed that said several sums should be levied out of each of the said lots severally chargeable therewith, describing them, and that the costs be ratably

taxed against each of said lots, and a special *fi. fa.* was directed to issue. The *fi. fa.* recites the judgment and commands the officer that of the property described, or so much thereof as may be necessary, he cause to be made the judgment, interest and costs aforesaid, and have the same, etc. In March, 1881, the lots described were separately sold under the foregoing *fi. fa.* for the taxes, interest and costs due on each, the aggregate amount thereof being at the time of the sale $687.33, and Z. S. Yarnall became the purchaser. Lot 4 was sold first, for the sum of $170; lot 5 was next sold for $175; lot 6 was next sold for $660; and the remaining lots were sold for various sums, making the aggregate amount of the purchase money paid for all the lots, the sum of $2,000. The question is whether the sheriff, after he had realized enough money from the sale of lots 4, 5 and 6 to pay the aggregate amount due on all, could lawfully proceed to sell the remaining lots for the taxes, interest and costs due on each of them respectively.

Section 6853 of the Revised Statutes, provides: "That each tract of land or lot shall be chargeable with its own taxes, no matter who is the owner, nor in whose name it is, or was assessed, or advertised. The assessment and advertisement of land or lots in numerical order shall be deemed and taken in all courts and places, to impart notice to the owner, or owners thereof, whoever, or whatever they may be, that it is assessed and liable to be sold for the taxes, interest and costs, chargeable thereon; and no error or omission in regard to the name of any person, with reference to any tract or lot, shall in anywise impair the validity of a sale or conveyance thereof for taxes."

Section 6838 of the Revised Statutes, is as follows: "The judgment, if against the defendant, shall describe the land upon which the taxes are found to be due; shall state the amount of taxes and the interest found to be due on each tract or lot and the year or years for which the same are found due, up to the rendition thereof, and shall decree that the lien of the State be enforced, and that the

real estate, or so much thereof as may be necessary to satisfy such judgment, interest and costs, be sold; and a special *fieri facias* shall be issued thereon, which shall be executed as in other cases of special judgment and execution, and such judgment shall be a first lien upon said land."

The State has no lien upon one lot for the taxes charged against another lot, although both lots are owned by the same person; and the decree in the case before us directs, in substance, that each lot, or so much thereof as may be necessary, shall be sold for its own taxes, interest and costs. The judgment and execution cannot be otherwise construed, without making them inconsistent with themselves, and in conflict with the statute. How can the decree, that a certain sum shall be levied of each lot, be enforced, if the command of the execution, "that of the property above described, or so much thereof as may be necessary, you cause to be made the judgment, interest and costs aforesaid," be construed to mean that the sheriff should sell only as many of the lots as should be necessary to realize a sum sufficient to pay the taxes on all the lots? The only rational construction of the language quoted, is, that the sheriff should sell only so much of each of the several lots described in the judgment and execution, as might be necessary to pay the taxes, interest and costs adjudged severally against the same.

No complaint is made that the several lots should have been subdivided, and none could well be made, as each lot had only a frontage of twenty feet. Nor could the sheriff have sold all the lots in one body. This would have been in contravention of the decree, and of the rule that each lot must be sold for its own taxes. Cooley on Taxation, p. 342, and cases cited.

It must be remembered that the revenue act of 1877, under which this suit was brought, provides for no personal judgment against the owners, but only for a judgment enforcing the tax lien against the land. Of the constitutionality of such a provision we have no question.

When the claim for taxes is merged in a judgment, all right or power of distraint under the statute is gone; the sheriff cannot then exercise it, nor can the court set aside its own decree and substitute therefor another mode of collecting the tax sued for. If the judgment were a personal one against the owner, the power of the sheriff over the proceeds of the sale of a lot, in excess of the tax due on the same, would perhaps, be different. That one of several lots separately assessed and belonging to the same owner, cannot be sold to pay the taxes due on all, has been expressly decided, under a statute similar to ours, in the case of *Hayden v. Foster*, 13 Pick. 492, the opinion in which case was delivered by Chief Justice Shaw.

Any supposed hardship resulting from the statutory requirement, that each lot shall be made liable for its own taxes, may be easily obviated by the owner by paying his taxes before sale, or by directing the sheriff to apply the surplus proceeds of the sale of any lot, to the taxes due on the other lots. But the statute does not constitute the sheriff, or the court, an agent of the owner for the payment of his taxes. By what authority could a sheriff having surplus proceeds in his hands, arising from an ordinary execution sale and belonging to the owner of land against which a special judgment had been rendered for taxes, claim the right to apply such proceeds to the satisfaction of such judgment, without the direction or consent of the owner? And what right would any court have to direct him to do so? Yet, the principle contended for by the appellant, if sound, would go to this extent. We are of opinion that the judgment of the St. Louis court of appeals should be affirmed. The other judges concur.