THE STATE *ex rel.* CLINTON COUNTY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Taxation**: POWER OF COUNTY COURT TO LEVY TAX.  A railroad interest fund tax and railroad sinking fund tax, not being state taxes, or taxes necessary to pay the funded or bonded debt of the state, or for current county expenditures, or for schools (R. S., sec 6798), cannot be levied by the county court without a compliance with section 6799 of the Revised Statutes.

2. ———: ———.  The county court has no implied power to levy a tax.  Such power must be clearly and expressly given by statute, and if the legislature in conferring the power imposes conditions upon which it may be exercised, such conditions must be observed before the power can be lawfully exercised.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED.

*Strong & Mosman* and *Thos. E. Turney* for appellant.

(1)   The court erred in overruling defendant's objection to the evidence.  The petition on its face showed that the taxes sued for were taxes other than "the state tax, and tax necessary to pay the funded or bonded debt of the state, the tax for current county expenditures and for schools."  R. S., sec. 6798.  The petition was

certainly bad and did not state facts sufficient to constitute a cause of action. R. S., sec. 6799. (2) The court erred in refusing the instruction prayed by defendant. Revised Statuts, section 6798 to section 6801, were in force from and after March 8, 1879. These were special taxes for the year ending August 1, 1880. The valuation was for August 1, 1879. The property was reported to state board January 1, 1880. R. S., sec. 6866-7. Valuation certified to state auditor April, 1880. *Ib*. sec. 6868. Assessed by state board third Monday in April, 1880. *Ib*. sec. 6871. Assessment certified to county court later, say July, 1880. *Ib*. sec. 6875. Levied thereafter, say July, 1880, by county court. *Ib*. sec. 6879. Section 6799 was then in force. The county court were guilty of misdemeanor in making this levy. *Ib*. sec. 6800. The levy was void. R. S., *supra; State ex rel. Wilson v. Rainey*, 74 Mo. 237; *State ex rel. v. Shortridge*, 56 Mo. 126; *State ex rel. v. Macon County Court*, 68 Mo. 29; *Rees v. Watertown*, 19 Wall. 107.

*J. M. Lowe* for respondent.

NORTON, J.—A railroad interest fund tax amounting to $229.17, and a railroad sinking fund tax for the same amount, was assessed and levied upon the property of defendant by the county court of Clinton county for the year 1880. This suit was brought to enforce the payment of the above tax. Plaintiff had judgment from which defendant appeals. Counsel insist that inasmuch as the above tax sued for was not assessed and levied for current county expenditures the same is void because of non-compliance with the statute authorizing the levy of such a tax.

By section 6,798 of the Revised Statutes, the county courts are empowered to levy taxes not to exceed the rates prescribed by the constitution, viz: "The state tax, and the tax necessary to pay the funded and bonded

debt of the state, and the tax for current county expenditures and for schools.''

It is provided by section 6,799, Revised Statutes, that ''no other tax for any purpose shall be assessed, levied or collected, except under the following limitations and conditions, viz: The prosecuting attorney or county attorney of any county upon the request of the county court of such county, which request shall be of record with the proceedings of said court, and such court, being first satisfied that there exists a necessity for the assessment, levy and collection of other taxes than those enumerated and specified in the preceding section shall present a petition to the circuit court of his county, or to the judge thereof in vacation, setting forth the facts and specifying the reasons why such other tax or taxes should be assessed, levied and collected, and such circuit court or judge thereof, upon being satisfied of the necessity for such other tax or taxes, and that the assessment, levy and collection thereof will not be in conflict with the constitution and laws of this state, shall make an order directed to the county court of such county commanding such court to have assessed, levied and collected such other tax or taxes, and shall enforce such order by mandamus or otherwise.'' The section provides that such order when granted shall be a continuous order, and only set aside for certain causes named therein.

By section 6,800 it is made a misdemeanor for any county court judge * * * to assess or levy any other tax than those specified in section 6,798 without first being directed to do so by the circuit court of the county or judge, as provided in section 6,799.

The tax which is sought to be enforced in this suit was not levied to meet the current expenditures of the county, nor for schools, and it is admitted that it was levied by the county court without any of the conditions imposed by section 6,799, *supra*, having been complied

with, upon a compliance with which the power to levy the tax depended. ·If· effect is to ·be given ·to these statutory provisions we must hold that the tax in question has not the sanction of. authority to uphold it and, therefore, void. The only taxes that can be levied by counties are such as are provided for by statute. The power of taxation is a sovereign right which belongs alone to the state, and which can only be .exercised in pursuance of laws passed by the legislature for the purpose. There can be no such thing as. an implied power in a county court to levy a tax. The power must be ·clearly and expressly given by statute. *State ex rel. v. Shortridge*, 56 Mo. 125. If the county court can only exercise the power to levy a tax as it may be conferred by the law-making power, the legislature, in conferring it, may impose the conditions on which it may be exercised, and when such conditions are made essential to the exercise of the power, they must be observed before the power can be lawfully exercised.

The conditions imposed necessary to the exercise of the power to levy the tax in question were not observed, and hence the tax is invalid. The judgment of the cir-cuit court is reversed for the reasons given. , All concur.