THE STATE *ex rel.* CRAMER, *Prosecuting Attorney,* v. HAGER *et al., Judges of the County Court, et al., Appellants.*

1. **Taxation**: POWER OF COUNTY COURT TO LEVY TAX: STATUTE. The county court has no power to levy a tax to pay the judgment of a United States court based upon coupons attached to bonds issued under the provisions of the township aid act (Act of March 23, 1868), without first complying with the provisions of section 6799, of the Revised Statutes. Such taxes can only be levied and collected in the manner provided by said section, and where the methods therein prescribed are not pursued the tax will be invalid.

2. ———: INJUNCTION. The state may, through its proper officer, maintain a bill to enjoin public or municipal corporations from acting in contravention of the constitution and laws of the state. And there was ample ground in this case for the prosecuting attorney to enjoin the judges of the county court, and other officers, and keep them within the confines of their legitimate authority, notwithstanding the action of the county court was produced by the mandate of the federal court.

3. **Remedy**: IMPAIRMENT OF CONTRACT. It is within the power of the state to change the remedy, so long as it does not essentially affect rights embodied in the contract; and such change does not infract the rule that forbids the impairment of the obligations of the contract.

4. **Right, Enforcement of in Wrongful Way.** There is a distinction between a proceeding which looks to the absolute denial of a right, and one which merely seeks to prohibit or restrain the enforcement of that right in an unlawful way.

*Appeal from Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*R. B. Oliver* for appellants.

(1) The holders of said bonds having obtained judgments in the federal circuit court against the municipal

authorities of Cape Girardeau county, on coupons de-tached from said bonds, the state circuit court will not be allowed, by injunction, to paralyze the process of said federal courts, issued in aid of, and to give effect to, said judgments. High's Extra. Leg. Rem., sec. 395, p. 281; *Mayo v. Lord*, 9 Wall. 575; High on Injunc-tion, sec. 158, p. 96; *McKin v. Voorhis*, 7 Cranch, 279; *State ex rel. Wilson v. Rainey*, 74 Mo. 229. (2) Nor does it make any difference that this court, in the case of *Ranney v. Bader*, 67 Mo. 476, held that these ident-ical bonds were illegal and void. In the case of *State ex rel. Wilson v. Rainey, supra*, this court, in effect, said : That when a county court, acting in obedience to a mandate from the federal court, directing a county court to levy a tax for the purpose of paying a judg-ment of the federal court against a county, the courts of this state will not interfere to prevent the collection of such tax. *State ex rel. Wilson v. Rainey*, 74 Mo. 229. (3) Section 2, of the act of 1868, provides that the county court "shall levy, and cause to be collected, in the same manner as county taxes, a special tax," to pay the interest and principal of such bonds. Now, the subsequent act of the legislature, as embraced in section 6799, of the Revised Statutes of Missouri, is an attempt on the part of the legislature to destroy and annul the power of the county court to levy and cause to be col-lected the special tax authorized by the law under which the bonds were issued. Such an act would be, as to the holders of these bonds, unconstitutional and void. *Murray v. Charleston*, 96 U. S. 432 ; *Van Hoffman v. City of Quincy*, 4 Wall. 535 ; *Butz v. City of Musca-tine*, 8 Wall. 575; High's Extra. Leg. Rem., sec. 395, p. 282 ; Laws of Mo., 1868, p. 93, sec. 2 ; R. S., sec. 6799.

*Maurice Cramer*, Prosecuting Attorney, *D. L. Hawkins* and *Wilson Cramer* for respondent.

(1)  The failure of the county court to follow the

requirements of section 6799, of the Revised Statutes, in ordering the levy, assessment, and collection of a special tax of two per cent. to pay the judgments of the United States circuit court rendered the tax null and void. *State ex rel. Clinton Co. v. Railroad*, 87 Mo. 236. (2) It is well settled in this state that the collection of an illegal tax may be enjoined. *State ex rel. v. Sanderson*, 54 Mo. 203; *Mathis v. Town of Cameron*, 62 Mo. 504; *Overall v. Ruenzi*, 67 Mo. 203; *Ranney v. Bader*, 67 Mo. 476; *Ewing v. Board of Education of Jefferson City*, 72 Mo. 436; *Valle v. Zeigler*, 84 Mo. 214. (3) The suit is properly brought in the name of the state. *State v. Saline County Court*, 51 Mo. 350; *State ex rel. v. Sanderson*, 54 Mo. 203; *Mathis v. Town of Cameron*, 62 Mo. 504.

SHERWOOD, J.—The circuit court granted a temporary injunction, restraining the judges of the county court of Cape Girardeau county, and others, from collecting a certain special tax of two per cent., ordered to be levied on all real and personal property in Cape Girardeau township, for the purpose of paying certain judgments rendered in the United States circuit court for the eastern district of Missouri, which judgments were based on coupons attached to bonds issued under the provisions of the act of March 23, 1868, commonly known as the township aid act. On final hearing the temporary injunction was made perpetual; and this ruling was based on the express ground that the steps required by section 6799 had not been complied with, prior to extending the tax on the tax-books, and levying the same.

It has been ruled by this court that taxes of the nature now in question, can only be levied and collected in the manner provided in said section, and that unless the methods prescribed are pursued, the failure to pursue them, when, as here, they are the conditions essential to the exercise of the power, will render the tax

invalid. *State ex rel. v. Railroad*, 87 Mo. 236. Here those methods, those conditions precedent, were not followed; and hence, the county court having no inherent power to levy a tax, and deriving its only authority from the state, must, of necessity, pursue the course in this regard, marked out by the sovereign authority, by its laws. *State ex rel. v. Railroad*, *supra*.

Under the former ruling of this court, it is well established that the state may, through its proper officers, maintain a bill to enjoin public or municipal corporations from acting in contravention of the constitution and laws of the state. *State v. Saline County Court*, 51 Mo. 350; *State v. Callaway County Court*, 51 Mo. 395; *State ex rel. v. Sanderson*, 54 Mo. 203; *Ranney v. Bader*, 67 Mo. 476; 2 High on Inj., secs. 1282, 1304. In the case at bar, there was ample ground for the interposition of the prosecuting attorney in his endeavors to keep the judges of the county court and other officers within the confines of their legitimate authority.

Nor do I see that the matter being discussed is at all affected because the action of the county court was produced by the mandate of the federal court. If, as already seen, the county court was powerless to act, except when acting in conformity to express statutory conditions, it was still the duty of the judges to comply with those conditions, while yielding obedience to the mandate aforesaid; for, outside of those statutory conditions, they were utterly powerless to act. Indeed, under section 6800, they were punishable for a misdemeanor, in failing to comply with the provisions of section 6799 before levying the tax. It does not stand to reason that their act could be valid and still, at the same time, punishable as a crime. *State ex rel. v. Garoutte*, 67 Mo. *loc. cit.* 456. If the statutory provisions being discussed were of such a nature as to cut off those who obtained the judgments from enforcing the obligations

held by them, then the authorities cited on their behalf might apply. I understand that it is within the power of the state to change the remedy, so long as it does not essentially affect the right embodied in the contract; and that such change, thus made, does not infract the rule that forbids the contract to be impaired.

In this connection, the language used by Mr. Justice Swayne is apposite to this case: "It is competent for the states to change the form of the remedy, or to modify it otherwise, as they may see fit, provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix, definitely, the time between the alterations of the remedy, which are to be deemed legitimate, and those, which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances." *Von Hoffman v. City of Quincy*, 4 Wallace, 535, *loc. cit.* 553; see, also, *Ogden v. Saunders*, 12 Wheat. 213; Cooley's Constitutional Limitations [5 Ed.] 348, 349, 710, *et seq.* The point has not been made in this court, nor was it in the court below, as to any defect of parties. I am inclined to the opinion, however, that as this proceeding did not deny the legality of the tax, but only the mere *method* of its collection, and as it was but a proceeding on the part of the state, through its prosecuting officer, to restrain the county officials within the bounds of their legitimate authority, that other parties were not necessary. I think a distinction may well be taken between a proceeding which looks to the absolute denial of a right, and one which merely seeks to prohibit or restrain the enforcement of that right in an unlawful way. All concur; Norton, C. J., absent.