DeARMAN, *Plaintiff in Error*, v. WILLIAMS.

1.  **Taxes, How Collected Upon Removal of Taxpayer.** Where one possessed of money resided in a county on the first of June, 1882, where his money was assessed for state and county purposes, between that date and the first of December of that year, and in January, 1883, he removed to another county, taking his money with him, where he invested it in merchandise and paid the license tax for 1883, such removal will not prevent the officers of the former county from extending and collecting the tax, and the payment of the license tax in the latter county will not relieve him from paying the tax due in the former county.

2.  **Taxation, Equality in :** CONSTITUTION. Perfect equality in taxation is not attainable, and neither of the taxes in question in this case is violative of section 3, of article 10, of the constitution, which declares that taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.

3.  **Taxes, Collection of :** CONSTITUTIONAL LAW : DUE PROCESS OF LAW. The law (Laws 1883, p. 143) which provides that, when any person, owing personal taxes, removes from one county in this state to another, it shall be the duty of the collector of the county from which he removed to send a tax bill to the sheriff of the county in which such person may be, and, on receipt of the same by said sheriff, he shall proceed to collect the tax bill in like man-

DeArman v. Williams.

ner, as provided by law for the collection of personal taxes, is not unconstitutional, and the tax bill issued under it is "due process of law."

4. ———— : ———— : ————. The mode of levying and collecting taxes is a matter confided to the legislative power, and such laws are laws of the land.

*Error to Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*Samuel P. Sparks* for plaintiff in error.

(1) Taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the taxes. Const. of Mo., art. 10, sec. 3. According to the agreed statement, it was a plain case of duplicate taxation. Cooley on Tax. 104. (2) The judicial power of the state, as to matters of law and equity, is vested in the Supreme Court, courts of appeal, criminal, probate, county, and municipal corporation courts. Const. of Mo., art. 4, sec. 1. The attempt by the legislature (Laws 1883, p. 143) to invest the several county collectors with judicial power, by authorizing them to issue final process, was unconstitutional and void. *State v. Steptoe,* 61 Mo. 411. The paper issued by Williams, collector of Johnson county, to the sheriff of Bates county, was not due process of law. *Millett v. The People,* 25 Am. Law Reg. [Ill.] 785; *Ingersoll v. Jeffords,* 55 Miss. 37; *Ex parte Zibold,* 20 Cent. Law Journal, 431. The issuance of any sort of process, original, *mesne,* or final, in a cause, is a judicial act, and can only be done by a tribunal which possesses judicial powers. 2 Bouv. Law. Dic. 387; 3 Wendell's Blk. Com., top p. 270–292; *Flournoy v. Jeffersonville,* 17 Ind. 173. Every writ which authorizes an officer to carry into effect a judgment is an execution. Freeman on Ex. [Ed. 1884], sec. 1. "Due process of law, in each particular

case, means such an exercise of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." Cooley on Const. Lim. (Ed. 1874) side p. 357. A party cannot be bound by a delegated exercise of judicial power, whether the delegation be by the court or by legislative act devolving judicial duties on ministerial officers. Proceedings in such cases would be void. Cooley on Const. Lim. (Ed. 1874) side p. 410; *Hall v. Marks*, 34 Ill. 363; *Chandler v. Nash*, 5 Mich. 409.

*W. W. Wood* for defendant in error.

(1) "Absolute equality and strict justice are unattainable in tax proceedings." The legislature must be left to decide for itself how nearly it is possible to approximate so desirable a result. "It must happen under any tax law that some property will be taxed twice, while other property will escape taxation altogether. * * * Nevertheless, no question of constitutional law is involved in these cases, and the legislative control is complete." Cooley on Const. Lim., side p. 513; *Insurance Co. v. Board of Assessors*, 56 Mo. 503, 516. But even if this were a double taxation, the property being regularly assessed in Johnson county, it thereby acquired the prior right to collect the tax. (2) The statute is not unconstitutional. A tax is not a debt, nor in the nature of a debt. It is an impost levied by the government, and, on account of the urgent necessity for the summary collection of taxes, that the government may be preserved. A party has no right to a hearing in court before the collection can be enforced. *Carondelet v. Picot*, 38 Mo. 125; *Pierce v. City of Boston*, 3 Metc. 520; *City of Camden v. Allen*, 26 N. J. L. 398; Blackwell on Tax Titles, p. 28, and authorities cited. (a) Our own Supreme Court holds that an assessment is a judi-

cial act, and, if that be true, plaintiff has had his day in court. *Railroad v. Maguire*, 49 Mo. 481; *Insurance Co. v. Charless*, 47 Mo. 462; *Ranney v. Bader*, 67 Mo. 479. (*b*) Besides having the assessor as a judicial officer to pass upon his rights, he may, under our statutes, appeal to the board of equalization. (3) The act of 1883 did not authorize the issuance of an execution. It only authorized the issuance of a tax bill, consequently the vicious element of which the learned counsel complains so loudly exists only in his fertile imagination, and not in the law under discussion. Acts 1883, p. 143. (*a*) And while the paper delivered to the sheriff of Bates county was in the form of an execution, it had all the requisites of a tax bill. A tax bill is simply a statement of the items of taxes. Rap. and Law; Law Dic., vol. 1, p. 128, sec. 1; 1 Bouv. Law Dic., p. 174 (Bill of Costs); Webster's Dictionary. (*b*) And the command to levy is only what the sheriff is expressly required by law to do, even if it were not contained in the tax bill. Acts 1883, p. 143. (4) The same reasoning that would prove the statute unconstitutional, as to the right to levy in another county, would prove it unconstitutional as to the right to levy in the county in which the levy was made. The tax-book, in both cases, is the collector's warrant of authority. And while the constitutionality of the statute authorizing a seizure and sale in the county in which the taxes were levied has never been passed upon by this court, the law has been frequently enforced without question. *Railroad v. Maguire*, 49 Mo. 482; *State v. Rowse*, 49 Mo. 586; *Mayor v. Opel*, 49 Mo. 190; *Ins. Co. v. Charless, supra.*

BLACK, J.—This contest was submitted to the circuit court, under section 3700, Revised Statutes, upon agreed facts. The facts are these: On the first of June, 1882, plaintiff resided in Johnson county, Missouri, and had on

hand money of his own, amounting to twenty-one hundred and thirty-five dollars, which the assessor of that county duly assessed for state and county purposes between that date and the first of December, 1882. In January, 1883, plaintiff moved to Bates county, taking the money with him, where he invested the same in a stock of goods, took out a merchant's license, and has paid the license tax for 1883. The defendant, collector of Johnson county, has issued a tax bill to the sheriff of Bates county, requiring him to collect the Johnson county tax, and the sheriff of Bates county is about to levy and sell the property of the plaintiff.

1. The assessor is required to make the assessment between the first of June and January (Acts of 1883, p. 134), and, from the oath prescribed by section 2, Acts of 1881, p. 179, it is clear that the list must include all property owned on the first day of June. Plaintiff, being a resident of Johnson county from June 1 to December 1, 1882, his personal property was liable to taxation in that county for the year known as the tax-year of 1883. His subsequent removal to Bates county did not prevent the officers of Johnson county from extending and collecting the tax, nor does the fact that he, in 1883, invested the money in a stock of goods, and paid a merchant's license in Bates county for 1883, relieve him from the payment of the Johnson county tax. Had he remained in Johnson county, and there conducted a mercantile business, he would have had to pay a merchant's tax, though it is a tax for revenue. In the case of *City of Kansas v. Johnson*, 78 Mo. 661, the law required every person owning property on the first of January to pay a tax thereon for the fiscal year beginning on the third Monday of April thereafter. Johnson had paid a merchant's-license tax for the year ending April 15, 1878, and another on an entirely different stock of goods, for the year ending in 1879. He sold the first stock of goods in March, 1878, and the goods were then removed from the state; still it

DeArman v. Williams.

was held that he must pay a tax for that stock, also, for the fiscal year of 1878, because he owned the goods on and after January 1, 1878. Perfect equality in taxation is not attainable, and we do not regard either of the taxes in question in this case as violative of section 3, article 10, of the constitution, which declares that taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.

2. The law (Acts of 1883, p. 143) provides that, when any person owing personal tax removes from one county in this state to another, it shall be the duty of the collector of the county from whence such person shall move to send a tax bill to the sheriff of the county into which such person may be found, and, on receipt of the same by said sheriff, it is made his duty to proceed to collect the tax bill in like manner as provided by law for the collection of personal taxes. The point made, that the tax bill issued under this statute is not "due process of law," is not well taken. The mode of levying and collecting taxes is a matter confided to the legislative power, and such laws are "laws of the land." Cooley on Taxation (2 Ed.) 48, 49. This statute operates alike upon all persons who, owing a personal tax, move from one county to another, and is not open to the objection made to it. The tax-book, in the hands of the collector, constitutes his warrant and authority for collecting the tax. *North Missouri Railroad v. Maguire,* 49 Mo. 481. If the property is subject to taxation, and is assessed, and the taxes are extended according to the statute, it must be conceded that the tax-book will authorize the collector to seize and sell personal property. This being so, no reason is seen why the legislature may not authorize the collector to send the tax bill to the sheriff of another county, and give to it the same force that the tax-book had.

Plaintiff does not show himself entitled to any relief whatever, and the judgment is affirmed. All concur.