THE STATE OF MISSOURI ex rel., SCHOOL DISTRICT NO. 3, TOWNSHIP 44, RANGE 16, Appellant, v. C. W. BURFORD, County Clerk, etc., Respondent.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Schools: FORMATION OF NEW DISTRICT: RIGHT OF APPEAL.** Where on an application to form a new district by detaching certain sections of land from each of two districts, both districts vote against the proposition, but a majority of the voters affected by the change in one of the districts voted in favor of such new district, an appeal lies to the commissioner whose decision is final.

2. ———: **LEVYING TAXES: DUTY OF COUNTY CLERK: JUDGMENT OF COMMISSIONER.** The county clerk is required to assess the amount of estimates returned to him by a district on the taxable property therein, and he can not assess one district with the estimates of another, nor can he ignore the decision of the commissioner forming a new district.

3. ———: **NEW DISTRICT: MEETING OF VOTERS.** The fact that the qualified voters of a new district did not meet within fifteen days after the decision of the commissioner will not destroy such new district; and, until the districts affected by the formation of the new district have notice of the commissioner's decision establishing the same, such new district is not formed and a meeting within fifteen days of such notice is sufficient under the statute.

4. ———: **ORGANIZATION OF NEW DISTRICT: PLAT.** Where the voters of a new district meet, make their estimates, etc., the failure to adopt a plat can not have the effect to render nugatory the action of the commissioner in forming a new district.

Appeal from the Moniteau Circuit Court.—*Hon. D. W Shackleford*, Judge.

AFFIRMED.

*Moore & Williams* for appellant.

(1) Mandamus was the proper remedy in this case to compel the county clerk to recognize the limits of the old

district.  State ex. rel. v. Byers, 67 Mo. 706; State ex rel. v. Riley, 85 Mo. 156; State ex rel. v. Grimshaw, 5 W. Rep. 427. (2)  The school commissioner had no authority to act, except when the question of the formation of a new district was submitted to the voters in each district, and in case the vote of the district was adverse to the change, then the proposition must be submitted to and be voted upon, by the portion of the district to be affected by the change, which vote must be opposite to the vote of the district. R. S. 1889, sec. 7972; State ex rel. v. Grimshaw, *supra.*  (3)  The meeting of the electors of the proposed new district on May 17, 1899, twenty days after the decision of the commissioner, was nugatory and void.  School District v. Wallace, 75 Mo. App. 317.

*R. M. Embry* for respondent.

(1)  Relator must establish clearly his right to the protection he asks, as the writ is never granted in doubtful cases. (2)  The decision of the commissioner in cases of this nature is final.  State ex rel. v. Gibson, 78 Mo. App. 170.  (3)  The argument of the relator is, that because a separate vote was not taken in each of the parts effected, in each of the two original districts, the appeal to the commissioner gave the commissioner no authority or jurisdiction to act in the premises.  This position is untenable.  One part of a district votes favorable to creation of a new district, the remainder of same district votes against it, and the other district votes against it, this would give the commissioner jurisdiction on appeal to him.  R. S. 1889, sec. 7972. (4) When the commissioner obtains jurisdiction under provisions of Revised Statutes 1889, section 7972, as he did in this case, and renders his decision establishing a new district, the district is formed, established, and a corporate body from the date of the decision of the commissioner, such decision establishing the boundary lines and forming the new district, the same as if it had been established by a majority

vote of the district and all parts thereof effected.    R. S. 1889, sec. 7972; School District v. School District, 94 Mo. 612; State ex rel. v. Eden, 54 Mo. App. 31.    (5)    The resident voters in the new district assembled and organized on the seventeenth day of May, 1899.    This was substantial compliance with the statute.    This is within the statute and sufficient.    State ex rel. v. Eden, 54 Mo. App. 31; St. Louis County Court v. Sparks, 10 Mo. 119; 23 Am. and Eng. Ency. of Law, 458.

SMITH, P. J.—This is a proceeding by mandamus to compel the respondent, who is county clerk of Moniteau county, to assess the amount of the estimate returned by relator on all taxable property, real and personal, within certain territorial limits.    The pleadings are not presented by the abstract and it is not quite clear just what the issues in the case were.    There seems to have been a trial in the court below which resulted in a judgment dismissing the writ.    The relator has appealed.

The facts of the case were embraced in a stipulation, which was to the effect: "The parties hereto agree on the following statement of facts, on which this cause is submitted:

"School districts 2 and 3—44—16 in Moniteau county, have existed for several years, as stated in plaintiff's petition. Prior to the annual school meeting in April, 1899, petitions were duly presented to the clerks of both districts, asking a vote on the formation of a new district, by detaching sections 13 and 14 from district No. 2, and detaching sections 23 and 24 from district No. 3.    Said four sections to form a new district; that the proposition was voted down in both districts, voting as a whole; but a separate vote was taken, in that part of district No. 2 affected—persons living in sections 13 and 14—and a majority of such persons voted in favor of the change.    That within five days after the election, a lawful number of the voters in district No. 2, appealed to the county school commissioner; that said commissioner assumed to have

authority to hear and entertain such appeal, and on April 29, 1899, returned a decision in favor of the formation of the new district; and on that day transmitted his decision to the district clerks of both districts, which was received by the clerk of district No. 3 on same day, and by the clerk of district No. 2 on May 2, 1899. "That thereupon, a notice was duly posted signed by two electors of the proposed new district, calling a meeting therein for May 17, 1899, which notice was as follows:

"NOTICE OF SPECIAL SCHOOL MEETING.

"Notice is hereby given according to law, to the qualified voters of new district, township No. 44, range No. 16, county of Moniteau, state of Missouri, that a special school meeting of said sub-district will be held at M. B. Sugg's on Wednesday the 17th day of May, 1899, at 2 o'clock p. m. The said meeting is called for the following purposes, viz.:

"To organize district by electing three directors.

"To vote site for location for schoolhouse.

"Dated this 2d day of May, 1899.

W. F. Hill, J. H. Hays, W. T. Scott.

"That a meeting was held in accordance with the notice, May 17th, at which Messrs. Hill, Hays and Wright were elected directors; that same directors qualified and appointed one Rolin Hill clerk, who, by order of said directors, filed with defendant, as clerk, a plat of the district, and also a list of taxpayers, and enumeration of children therein; that at the meeting on May 17th, no vote was taken to adopt a plat defining the boundaries of the proposed new district."

It is contended by the relator that the facts agreed show that there could be no appeal to the school commissioner, and therefore he was without jurisdiction to create the new district. Section 7972 Revised Statutes 1889, provides: "When it is deemed necessary to form a new district, composed of

two or more entire districts, or parts of two or more districts or to divide one district to form two new districts from the territory therein, or to change the boundary lines of two or more districts, it shall be the duty of the district clerk of each district affected, upon the reception of a petition desiring such change, and signed by ten qualified voters residing in any district affected thereby, to post a notice of such desired change in at least five public places in each district interested fifteen days prior to the time of the annual meeting; and the voters, when assembled, shall decide such question by a majority vote of those who vote upon such proposition. If the assent to such change be given by all the annual meetings of the various districts thus voting, or of the parts of a district to be divided, each part voting separately, the district or districts shall be deemed formed or the boundary lines thus changed from that date; but if a part of a district to be divided, or one or more of the districts affected, vote in favor of such change, and the remaining part of the district to be divided, or one or more of the districts affected, vote against such change, the matter may be referred to the county commissioner for his decision; and upon such appeal being filed with him in writing within five days after the annual meeting, he shall proceed to inform himself as to the necessity of such proposed change, and his decision shall be final," etc.

It is thus seen that if a part of a district to be divided vote in favor of the change, and the remaining part, or one or more of the districts affected, vote against such change, the matter may be taken before the county commissioner by appeal for his decision. The facts agreed show that the qualified voters residing in sections 13 and 14 of district No. 2, the part thereof to be divided, voted separately in favor of the change; and that districts No. 2 and 3 voted against it. This established such a conflict as authorized an appeal to the county commissioner. The appeal, under such conditions,

invested him with jurisdiction of the subject-matter. Having acquired jurisdiction, the statute makes his decision final. He made the change in conformity to the proposition contained in the notices voted upon at the annual meeting.

We do not think with relator that because a majority of the qualified voters in the part of district No. 3 to be detached did not vote—voting separately—against such change that there could be no appeal. If, as is conceded to have been the case, the qualified voters of a part of one of the districts voting separately, voted for the change, and either one or both of the two districts voted against it, that then, according to our interpretation of the statute, the matter of difference was such as authorized an appeal. It is our conclusion that the change made by the judgment and decision of the commissioner had the effect to create the new district. That this new district thus created is as legal as if it had been created by the action of the majority of the qualified voters of each of the districts voting at the annual meetings. ' The judgment and decision of the commissioner could have no other effect than to accomplish the complete separation of sections 13, 14, 23 and 24 from districts 2 and 3. These sections were thereafter no part of the old districts from which they were subtracted.

It is quite difficult to understand after the subtraction of these sections from said districts, how the respondent could assess the estimates of the latter against the real and personal property in the former. The clerk is required by the provisions of section 8067 Revised Statutes 1889, to assess the amount of the estimates returned to him by the districts on all taxable property, real and personal, therein. He is without power to assess the property of one district with the amount of the estimate of another. He can no more ignore the judgment and decision of the commissioner in respect to the creation of a new district than he could in a case where a district is created by the decision of the qualified voters of one or

more districts voting at an election. To have ignored the action of the commissioner in forming the new district would have been the assumption by him of a power without any warrant of law.

We are not prepared to concede that even if the qualified voters did not meet within fifteen days after the decision of the commissioner that this authorized the respondent to ignore the existence of the new district established by the act of the commissioner. It is, no doubt, true that the corporate school district entity, within the territorial limits of the new district, could have no existence until the requirements of the provisions of section 7977 were substantially complied with. The decision of the commissioner was made on the twenty-ninth day of April, but notice of his decision was not given to the clerks of the districts until May 2. The meeting in the new district was not held until the seventeenth of May. The meeting was not held within fifteen days after the date of the decision, but was held within fifteen days after the service of notice of the rendition of the decision. The statute is that, the meeting shall be held within fifteen days after the "formation" of the new district by the judgment and decision of the commissioner. Statutes like this should be construed with reasonable liberality. Until the districts to be affected by the action of the commissioner have notice thereof, it can hardly be said that the new district is formed. The decision of an officer or tribunal can hardly be said to be operative and effective until in some way promulgated or made known. Certainly the districts are not held to constructive notice of the action of the commissioner, for if so why is he required by the statute to give them notice of his action? The notice was, we think, sufficient, and the organization of the district ought not now to be questioned.

The district meeting made its estimate for the school year and returned the same to the respondent, who has assessed the amount thereof on the real and personal property therein

—which assessment, we may presume, has been collected. We do not think the failure at the meeting of the voters of the new district to adopt a plat had the effect to render nugatory the action of the commissioner in forming the new district.

In any view which we have been able to take of the case, we think the action of the trial court in refusing the relator's peremptory instruction was proper, and it results that the judgment must be affirmed. All concur.