STATE ex rel. TOWN OF COMMERCE, MISSOURI, Appellant, v. T. F. FRAZER, MATT THOMAS and W. C. BOWMAN, Judges of the County Court of Scott County, Respondents.

Springfield Court of Appeals, July 10, 1914.

1. REVENUE LAWS: Definition. Revenue laws are those providing for the collection and disbursement of monies by the county.

2. ———: Cases Involving Construction of: Jurisdiction in Supreme Court. Jurisdiction in cases involving the construction of the revenue laws of this state is vested in the Supreme Court by Section 12, Article 6, of the Constitution, which established the St. Louis Court of Appeals. The same provision is found in Article 6, Section 4, of the Amendment of 1884, which established the Kansas City Court of Appeals, and is therein declared to apply to such additional courts of appeals as may be by law created. *Held*, that the determination of a mandamus proceeding by a town against a county involving the construction of revenue provisions lay within the jurisdiction of the Supreme Court and not of the Court of Appeals. [Citing Sections 7100 and 7103, R. S. 1909, and 3805 and 7099, R. S. 1909, as amended by Laws of 1911, page 283.]

Appeal from Scott Circuit Court.—*Hon. Frank Kelley,* Judge.

Transferred to the Supreme Court.

*J. Henry Caruthers* for appellant.

*John McWilliams* for respondent.

ROBERTSON, P. J.—This is a mandamus proceeding which has for its purpose to compel the judges of the county court of Scott county to make an order directing the clerk of that court to draw its warrant upon its treasurer in favor of the petitioner for $169.73, alleged to be due on account of interest realized by the county on money received by it from the State Auditor on account of taxes derived from foreign insurance companies covering the year 1895 and subsequent years to and including the year 1911. The judgment of the circuit court was in favor of the defendants and the plaintiff has appealed.

The trial was had upon an agreed statement of facts to the effect that the county court had received from the State Treasurer in the years named certain sums of money upon which the county received interest to the amount of $169.73, going into the general road

and bridge fund; that on the eighth day of February, 1912, the county court paid to said town of Commerce, upon a list of school children furnished by it, the said principal sums; that at no time prior to the date of said payment of said principal sums did the said town of Commerce file with the clerk of said court a certified list of children of school age residing within its limits as a basis for an apportionment of said taxes; that at the May term, 1912, of said county court a written demand was made against the county by said town of Commerce for the payment of said accrued interest, which was by that court disallowed. At the April term, 1913, of the circuit court this action was instituted.

By Section 12, Article 6, of the Constitution, establishing the St. Louis Court of Appeals, jurisdiction "in cases involving the construction of the revenue laws of this State" is vested in the Supreme Court, and by the Amendment of 1884, Article 6, Section 4, this provision is extended to the Kansas City Court of Appeals and to such additional Court of Appeals as may be by law created. Revenue laws are those providing for the collection and disbursement of monies by the county (State ex rel. v. Adkins, 221 Mo. 112, 119 S. W. 1091), and, in a determination of the case at bar, essentially the construction of sections 3805, 7099 (Amended Laws of 1911, page 283), 7100 and 7103, Revised Statutes of 1909, is involved as the foundation of the rights of the parties hereto. This court, we hold, has no jurisdiction and the case is, therefore, transferred to the Supreme Court. *Sturgis* and *Farrington, JJ.,* concur.