THE STATE at Relation and to Use of EGEL PARISH, Collector of Revenue in and for County of Camden, v. WALLACE W. YOUNG and AMANDA YOUNG, Appellants.—38 S. W. (2d) 1021.

Division One, May 21, 1931.

*Phil M. Donnelly, A. W. Curry* and *Sturgis & Henson* for appellants.

*Morgan M. Moulder* for respondent.

ATWOOD, J.—This is a proceeding by the State at the relation and to the use of the Collector of the Revenue of Camden County against Wallace W. and Amanda Young to enforce lien for taxes for the year 1925 against certain land owned by defendants. The tax bill sued on was attached to the petition, made a part thereof, and offered in evidence at the trial. The space on the tax bill reserved for designation of the school district for the benefit of which the tax was assessed was marked "C-2," which was explained at the trial to mean Consolidated School District No. 2 of Camden and Laclede Counties, the formation of which district was the subject of litigation in this court in State ex rel. v. Lee, 315 Mo. 817, 284 S. W. 129, and State ex rel. v. Sullivan, 320 Mo. 362, 8 S. W. (2d) 616. Defendants' answer contained a general denial, a plea that defendants had tendered all taxes legally due before the filing of this suit, being all taxes due the State and county, and a specific denial that any other taxes were due from defendants to plaintiff. In their answer defendants also averred that they had paid all taxes except school taxes and that if any school taxes were due from defendants they were due Common School District No. 82, Camden County; that the school taxes sued for were levied and assessed as the school taxes of and for Consolidated School District No. 2, Camden and Laclede Counties; that there was no such consolidated school district legally formed, organized or chartered; that said purported consolidated school district was not functioning as such; that the common school districts composing said purported consolidated district were functioning as common school districts; and that the taxes sued for were illegally levied, assessed and demanded.

'At the close of all the evidence the trial court made the following finding of facts and declaration of law:

"The court finds that the estimate returned by the school officials of what is known as Common School District No. 82 prior to May 15, 1925, making an estimate of levy of 45c on the one hundred dollars' valuation was valid and may be taken as the basis of the levy of taxes upon property within that territory for the ensuing year; and that the defendant's property was subject to at least that amount of school tax."

Thereupon the following judgment was entered:

"And thereupon, a jury being waived, this cause is tried by the court, and the court, after hearing the evidence adduced by the parties plaintiff and defendant, respectively, doth find the issues for the plaintiff for school tax at 45c levy and penalty $13.79, and for other taxes with penalty to date of tender on June 7, 1927, to-wit, $19.48, total $33.27.

"Wherefore, it is considered, ordered and adjudged that the plaintiff have and recover of and from the defendants the sum of $33.27 and that execution issue therefor."

Defendants were allowed to pay all the taxes sued for except the school tax, in accordance with their tender made before suit was brought. The only sum now in dispute is the amount of school taxes for the year 1925, with interest and penalty. We have jurisdiction because the case is one "involving the construction of the revenue laws of this State," within the meaning of Article VI, Section 12, Constitution of Missouri. [State ex rel. v. Johnson, 316 Mo. 21, 296 S. W. 806; State ex rel. v. Shuck, 273 Mo. 50, 54, 56, 199 S. W. 975; State ex rel. v. Oliver, 273 Mo. 537, 201 S. W. 868; State ex rel. v. Adkins, 221 Mo. 112, 119 S. W. 1091; Lamar v. Lamar, 261 Mo. 171, 169 S. W. 12, Ann. Cas. 1916D, 740; State ex rel. v. Frazer et al., 182 Mo. App. 277, 168 S. W. 669; 15 C. J. 1079, n. 51.]

The first assignment of error urged in appellants' behalf is that the court erred in rendering a purely personal judgment against defendants. We have not been favored with either brief or oral argument for respondent. However, it is well settled that a personal judgment against defendant with award of general execution is not authorized in a suit to enforce the State's lien for taxes. [Land & Imp. Co. v. Kansas City, 293 Mo. 674, 678, 239 S. W. 864; State ex rel. v. Clements, 281 Mo. 195, 200, 219 S. W. 900; Stewart v. Allison, 150 Mo. 343, 346, 51 S. W. 712; State ex rel. v. Sargeant, 76 Mo. 557, 560; Sec. 12946, R. S. 1919.]

Counsel for appellants also present questions going to the correctness of the judgment rendered and the validity of the school tax sued for which they say "ought to be decided in view of the fact that there are a number of other similar suits now pending

involving the same questions." Appellants' other assignments of error are as follows:

"2. The court erred in holding that plaintiff, county collector, could collect for the benefit of Consolidated District No. 2 of Camden and Laclede Counties an amount of school taxes equal to and based on the rate fixed by the vote of, and the estimate filed by, Common School District No. 82, later merged into such Consolidated District No. 2.

"3. The trial court erred and exceeded its powers in making a new levy of school taxes for the benefit of Consolidated School District No. 2 different in amount and rate from that shown by the collector's tax books and the tax bill sued on in this case.

"4. The court erred in holding that Consolidated District No. 2 of Camden County could avail itself of and was entitled to receive and collect the taxes based on the rates, levies and estimates of the several individual common school districts, made prior to the consolidation, which school districts entered into and were absorbed by said consolidated district.

"5. This is a suit on a tax bill made and certified by the county collector and based on his records and which was filed with and made part of the petition, and the court erred in that the judgment rendered is not based on such tax bill or collector's record, but is a new levy of taxes made by the court based on a different rate, a different assessment, and a different estimate made by and for a different school district.

"6. The finding and judgment of the trial court is contrary to and not supported by either the pleadings or the evidence, and under the pleadings and evidence the finding and judgment should be for the defendant."

It appears from the evidence that the tax book of the county collector for 1925, from which the tax bill sued on was made, showed that defendants' tract number 1, described in the petition and tax bill, had an assessed value of $1,000 for that year, and tract number 2 had an assessed value of $1300 for that year, and each tract was taxed for school purposes at the rate of 65 cents on the $100 valuation. This tax book also showed that the school taxes on this land were originally levied for School District No. 82 in ink and at some time and by some one not shown in the record this number was erased by a line drawn through it and the symbol "C-2" written in pencil, which symbol, as above stated, was treated at the trial as an abbreviation of Consolidated District No. 2 of Camden and Laclede Counties.

The evidence further showed that Consolidated School District No. 2 of Camden and Laclede Counties, called the Stoutland Consolidated District, was formed by an election held on June 19, 1925,

at which time its board of directors ordered an election to be held on July 10, 1925, "for the purpose of voting a 65c levy on the $100 valuation for school purposes and for a nine-months' term for said Consolidated District No. 2." There was verbal evidence, admitted over defendants' objection, that such an election was held and that the 65c levy was voted, but the record itself was not shown. This consolidated school district embraced in its territory the territory of common school districts No. 82 and No. 85 of Camden County, the village district of Stoutland also referred to as No. 84 and two other common school districts in Laclede County. These districts, as required by law, had held their annual school meeting on the first Tuesday in April, 1925, at which time each district voted on the taxes to be levied for the year extending from July 1, 1925, to July 1, 1926. Estimates of such school taxes and rates of levy were made out and filed with the county clerk by each of these common school districts before May 15, 1925, as required by Section 11142, Revised Statutes 1919. The proceedings of the annual meeting of School District No. 82, in which defendants' land was situated, were introduced in evidence, showing that a levy of 45c on the $100 valuation for school purposes was voted. The levy at this rate, however, was not extended on the tax books, nor was the tax bill sued on based on such rate or levy, although the trial court based its judgment on this rate and supposed levy. The village district of Stoutland, No. 84, also held its school meeting in April, 1925, voted its school taxes for the same year, and its board of directors also filed with the county clerk an estimate of necessary school funds and rates of taxation, which showed an authorized rate of tax for that district of 80c for school purposes and 20c for incidental fund, together with 30c for sinking fund and 10c for interest on bonds. This estimate, however, was not extended by the county clerk on the tax books for the use of the collector and the tax bill sued on is in no way based on this estimate. The evidence showed and the trial court necessarily found that no estimate or certification of school taxes for the year 1925 was filed with the County Clerk of Camden County by or on behalf of said consolidated school district, and the judgment rendered was based on the estimate filed by common school district No. 82 in May, 1925, which in turn, was based on the action of that district taken at the annual April school meeting for 1925.

It is apparent from the foregoing review of the evidence that the levy and extension of school taxes against defendants' land on the county tax book for 1925 was void for the reason that no estimate or certification of school taxes by or for Consolidated School District No. 2 of Camden and Laclede Counties, which were the taxes sued for, was filed with the county clerk, as required by Sections

11183 and 11151, Revised Statutes 1919, and the trial court properly in effect so found. [St. L. & S. F. R. R. Co. v. Apperson, 97 Mo. 300, 306, 307, 10 S. W. 478.] It also appears that the only estimate or certification of school taxes for the year 1925 that might have become a lien on defendants' land was the estimate of Common School District No. 82, and the county clerk did not use this estimate in levying and extending school taxes on the tax book. The trial court erred in treating this as having been done. [State ex rel. v. Burford, 82 Mo. App. 343, 348.] The power to levy and collect taxes is purely statutory and has been confided to the Legislature and not the courts. [DeArman v. Williams, 93 Mo. 158, 163, 5 S. W. 904; State ex rel. v. Ry. Co., 87 Mo. 236; City of Carondelet v. Picot, 38 Mo. 125, 130; 25 R. C. L. 27 to 29.] Collection of taxes can only be made in accordance with the tax books as actually made and furnished to the collector. [State ex rel. v. Brown, 172 Mo. 374, 380, 72 S. W. 640.]

Without ruling appellants' further assignments of error *seriatim* it is sufficient to say on the merits of the case that the judgment rendered is not responsive to the pleadings and is without authority of law. The judgment is therefore reversed. All concur.