Honorable C. E. Hamilton, Jr. Prosecuting Attorney Callaway County Courthouse Fulton, Missouri 65251
Dear Mr. Hamilton:
This is in response to your request for an opinion from this office as follows:
 "Is it lawful for a taxpayer to pay his taxes for years beyond the current year and is it lawful for the county to accept such prepaid taxes? Secondly, if the answer to this question is yes, is it lawful for the county to give credit to the company for interest on the amount and for the term that the taxes have been prepaid?
 "Union Electric is building a new nuclear plant in Callaway County. Consequently, in future years Callaway County will be taking in a great amount of taxation from Union Electric on its properties. However, this taxation is not due as of the present time and Callaway County needs additional funds with which to plan and undertake projects which will be needed prior to the time Union Electric's taxes are due. Union Electric has expressed some interest in prepaying taxes for the next two or three years to Callaway County at this time, as long as it can accept credit for those taxes in future years."
Callaway County is a third class county not under township organization.
You first inquire whether it is lawful for a taxpayer to pay his property taxes for years beyond the current year and for the county to accept such prepaid taxes.
Article VI, Section 7, Constitution of Missouri, provides that the county court shall manage all county business as prescribedby law and keep an accurate record of its proceedings. We are unable to find any statute of this state authorizing the county court to accept any money in payment of property taxes.
Section 52.010, RSMo, provides that at the general election a collector, to be styled the collector of revenue, shall be elected in each of the counties of this state, except counties under township organization, who shall hold their office for four years and until a successor is duly elected and qualified.
Payment and collection of current taxes is governed primarily by Chapters 137 and 139, RSMo.
Section 137.290, RSMo, provides that the clerk of the county court, upon receipt of the certificates of the rates levied by the county court, school district, and other political subdivisions authorized by law to make levies, shall extend the taxes in the assessor's book according to the rates levied. The clerk shall, on or before the thirty-first day of October of each year, deliver the tax book with the rates extended therein to the collector, who shall give receipt therefor to the clerk.
Section 139.010, RSMo, provides that it shall be the duty of the collectors of revenue of the several counties of the state, immediately after the receipt of the tax books of their respective counties, to give not less than twenty days' notice of the time and place at which they shall meet the taxpayers of their respective counties, and collect and receive their taxes; provided, however, the county court may relieve the collector from visiting any municipal township in his county by an order of record to be made before notice under the provisions of this section is given.
In State ex rel. and to use of Parish v. Young, 38 S.W.2d 1021
(Mo. 1931), the court discussed among other things the authority and powers of the county collector in collecting taxes. The court stated, l.c. 1023, as follows:
 ". . . The power to levy and collect taxes is purely statutory, and has been confided to the Legislature and not the courts. De Arman v. Williams, 93 Mo. 158, 163, 5 S.W. 904; State ex rel. v. Ry. Co., 87 Mo. 236; City of Carondelet v. Picot, 38 Mo. 125, 130; 25 R. C. L. pages 27 to 29. Collection of taxes can only be made in accordance with the tax books as actually made and furnished to the collector. State ex rel. v. Brown, 172 Mo. 374, 380, 72 S.W. 640." (Emphasis supplied)
We find no statute authorizing the county collector to receive any money in payment of taxes except as provided for in the tax books as delivered to him by the county clerk. Section 558.150, RSMo, provides as follows:
 "Every collector of the revenue who shall unlawfully collect taxes when none are due, or shall willfully and unlawfully exact or demand more than is due, shall, upon conviction, be adjudged guilty of a misdemeanor."
The question of the collection of delinquent taxes is provided for in other statutory provisions which are not material to the question under consideration. It is the view of this office that the county collector has no authority to accept money in payment of taxes in excess of the amount shown on the tax books delivered to him by the county clerk and, therefore, he has no authority to accept payment of taxes or estimated taxes for future years.
Yours very truly,
 JOHN ASHCROFT Attorney General