**CITY OF ST. LOUIS, Respondent,**

v.

**William CARROLL, Appellant.**

No. 56573.

Supreme Court of Missouri,
Divison No. 2.

May 14, 1973.

**2**

Robert W. Van Dillen, City Counselor, John J. FitzGibbon, Associate City Counselor, St. Louis, for respondent.

Lucas & Murphy, Michael D. O'Keefe, St. Louis, for appellant.

HOUSER, Commissioner.

William Carroll appeals from a judgment of the St. Louis Court of Criminal Correction, following trial by the court without the aid of a jury, convicting him of violating Ordinance 50549, § 768.010, Revised Ordinances City of St. Louis 1960, which provides that "No person shall hinder, obstruct, resist or otherwise interfere with any City officer in the discharge of his official duties." Appellant was fined $50. We have jurisdiction since the appeal involves a construction of Amendments IV and XIV of the Constitution of the United States and Article I, § 15 of the Constitution of the State of Missouri, 1945, V.A. M.S.

Appellant is Captain and Master of the S.S. Admiral, an excursion boat which operates daytime trips on the Mississippi River, departing from the Port of St. Louis, Missouri at 10:30 A.M. and returning to the Port of St. Louis at 3:00 P.M. every day except Monday, and on Thursday, Friday, Saturday and Sunday nighttime trips from 9 P.M. until 12 midnight. When not operating the vessel is closed to the public and moored to a barge at the levee at the foot of Washington Street in St. Louis. A certain area of the vessel known as the Arcade contains numerous coin-operated amusement devices, slot machines and vending machines for use by the public when the boat is in operation. This area as well as the entire boat is closed when the boat is not in operation. When the boat returns to the dock from an excursion the coin slots in the coin machines are taped up to prevent their use while the boat is docked. Ordinance 53585 of the City of St. Louis requires an annual license fee for coin-operated amusement devices and slot machines; provides for the issuance of a license sticker emblem upon payment of the license fee, which emblem (or decal) is to be affixed to the machine; prohibits anyone from operating or exposing for operation such devices without first obtaining and displaying the emblem, and provides for seizure of machines operated in, and penalties for, violation of the ordinance. The provision with reference to seizure follows: "The License Collector and any of his duly authorized representatives are hereby authorized to seize and impound any coin-operated amusement device or slot machine found in the City of St. Louis which is being operated or exposed for operation in violation of the provisions of this section. The License Collector and any of his duly authorized representatives are required to leave a receipt that describes any and all machines or devices seized and that receipt shall bear the signature of the person seizing the machine or device along with the address and telephone number of the License Collector's office. That in the event a machine is seized on the street, alley, or that no one claims possession or

custody thereof, the License Collector or any of his duly authorized representatives are required to post within ten (10) feet of where the machine is seized a notice that the machine has been seized, signed by the person seizing the machine or device along with the address and telephone number of the License Collector's office. Such coin-operated amusement devices and slot machines so seized may be held by the License Collector for a period of thirty days and if not claimed by the owner or person in whose possession or custody such machine or device was found within that time the same shall be sold thereafter at a public auction, notice of such sale to be published in the official publication of the City at least ten days prior to the date of sale, and from the proceeds of such sale shall collect the tax due thereon plus a sum of twenty-five dollars ($25.00) as a civil penalty in lieu of the sum assessed in Section 9 of this ordinance, together with the cost of seizing and storing such machines. * * *"

Benjamin L. Goins, License Collector of the City of St. Louis, informed by his deputies and inspectors and believing that certain coin-operated machines were being operated on the boat in violation of the ordinance, tried to come on board on August 8, 1969, sometime between 3:00 and 3:30 P.M.; attempted to gain access to the boat for the purpose of seizing these coin-operated amusement devices. At the time he tried to board the vessel it had docked and had been closed to the public. Fire drills, required by the United States Coast Guard, were conducted on Friday afternoons after the boat had docked upon return from its daytime trip. August 8, 1969 was a Friday. In attempting to board the S.S. Admiral the license collector was accompanied by some of his deputies and a city police officer. This boarding party was met by a guard on the boat, who requested the nature of their business. Mr. Goins identified himself as the city license collector, produced his credentials, and requested permission to come on board. He was informed that the boat was closed;

that a fire drill was being conducted, and that he could not board the boat. Mr. Goins identified appellant as the guard who met him when he attempted to board the boat and who denied him permission to come aboard. The license collector did not have and had not obtained a search warrant prior to attempting to board the vessel.

■ Appellant first claims that the judgment is clearly erroneous because the evidence shows that John Streckfus, Assistant Master of the S.S. Admiral, and not appellant William Carroll, was the person who refused to allow the license collector to board the craft. Evidence to the contrary was introduced by the city. The finding to the contrary by the trial judge, who had the witnesses before him and was better able to judge of their credibility than this Court, is not clearly erroneous, and there is no merit in appellant's contention that a mistake has been committed on this basis.

Appellant next claims that the conviction violates his rights under state and federal constitutional provisions relating to searches and seizures and the due process clause of the Fourteenth Amendment. His thesis is that the license collector should have come armed with a search warrant; that there was no emergency requiring immediate access; that no warrant having been obtained appellant was unable to verify the need for or the appropriate limits of the proposed inspection; that appellant had a right to go about his business free from unreasonable official entries upon the S.S. Admiral, and that under the ruling cases the proposed search of this private property without consent was unreasonable and required the authorization of a valid search warrant.

■ This point is without merit for the reason that under the facts appellant is not entitled to the protection afforded by the constitutional provisions against unreasonable searches and seizures. "The constitutional guaranties against unreasonable searches and seizures are intended for the protection of private rights only, and do not interfere with investigations into mat-

ters of a public nature or in which the public has an interest. Thus, for example * * * the protection afforded by the various constitutional provisions against unreasonable search and seizure does not apply to searches and seizures under statutes (and ordinances) providing for the collection of the public revenue." (Our parentheses.) 47 Am.Jur. Searches and Seizures § 12, p. 509, citing Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911); Anno.: 11 L.R.A. 378, and Ploch v. City of St. Louis, 345 Mo. 1069, 138 S.W.2d 1020 (banc 1940). Due to the overriding necessity of revenue for the support of the government, statutes and ordinances for the collection of taxes by summary administrative proceedings outside the judicial system have long been sanctioned. 51 Am.Jur. Taxation § 981.

■ The mode and method of collecting taxes is a matter wholly statutory and entirely within the power of the legislative body, which is authorized to choose its own method of collection, in the absence of a constitutional provision otherwise providing. Henry v. Manzella, 356 Mo. 305, 201 S.W.2d 457 (banc 1947); De Arman v. Williams, 93 Mo. 158, 163, 5 S.W. 904, 905 (1887), quoted with approval in Ploch v. City of St. Louis, supra, 138 S.W.2d 1. c. 1025 [14].

The City of St. Louis has by ordinance adopted the summary remedy of distress and sale of property for the collection of the license taxes in question. Under Ordinance 53585 the license collector is authorized to seize and impound any described machine "found in the City of St. Louis which is being operated or exposed for operation in violation of the provisions" of § 29–58 of the ordinance. There is no provision in the ordinance for a search of the premises or place were such machines are operated or exposed for operation. Nor is there any provision requiring the license collector to obtain a search warrant before entering commercial establishments or premises to enforce collection of the tax. This type of ordinance has been held constitutional, for the public good, to prevent

fraud upon the revenue laws, and not in violation of the search and seizure clauses of the federal and state constitutions. In Ploch v. City of St. Louis, supra, this Court upheld a cigarette tax ordinance of the City of St. Louis providing for examination of cigarette vending machines, etc. and authorizing the license collector to seize cigarettes and cigarette vending machines upon failure to pay the cigarette tax, as against the contention that the ordinance violated the search and seizure provisions of the state and federal constitutions. In Star Square Auto Supply Co. v. Gerk, 325 Mo. 968, 30 S.W.2d 447 (1930) this Court held that the provision of an act authorizing the seizure of motor vehicle tires on which manufacturer's numbers have been destroyed did not violate the constitutional provisions with reference to unreasonable searches and seizures.

■ This is not to say, however, that the officer empowered by Ordinance 53585 to seize and impound may do so with impunity, under any and all circumstances. Summary proceedings for the collection of taxes are strictly construed against the taxing authority. They will not be extended by implication. Strict compliance with the provisions of such a law is essential to the validity of the proceedings. 84 C. J.S. Taxation § 686 a., p. 1365; 51 Am. Jur. Taxation § 980, p. 858. Under § 29–58 of the ordinance the machine must be "found in the City of St. Louis which is being operated or exposed for operation in violation" etc. Strictly construed, the ordinance requires that at the time the unlicensed machine is found and seized it must be a machine that either is then being operated or is then being exposed for operation. The license collector's deputies and assistants who went on the excursion on the afternoon of August 8 "found" the machines; saw and observed them in operation and exposed for operation; and personally operated them, but they did not seize and impound any of the machines, or attempt to do so, during operation and exposure for operation. No effort was made

to seize and impound the machines until after the S.S. Admiral returned to the dock, the excursion had ended, the passengers had been discharged, the boat closed to the public and the coin slots of the machines taped so they could not be operated. At the time the license collector presented himself to make the seizure the boat was closed, a fire drill was in progress, and the machines were neither being operated nor exposed for operation. Their operation had been shut down. At that time the license collector had no right to seize and impound these machines and no right to demand entry onto the S. S. Admiral for that purpose. In denying the license collector access to the vessel under the circumstances appellant was not unlawfully hindering, obstructing, resisting or otherwise interfering with the discharge of the official duties of the license collector.

Judgment reversed, fine set aside, appellant acquitted and discharged.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.