MRS. MILDRED SHUFF, RESPONDENT, v. KANSAS CITY, MISSOURI, APPELLANT.*

Kansas City Court of Appeals. April 5, 1926.

---

*Corpus Juris-Cyc References: Damages, 17CJ, p. 1095, n. 86; Judgments, 33CJ, p. 1193, n. 37; Municipal Corporations, 43CJ, p. 1195, n. 46; p. 1279, n. 80; Trial, 38Cyc, p. 1877, n. 15; p. 1885, n. 98.

*S. L. Trusty* and *Gamble, Trusty & Pugh* for respondent.

*Solon T. Gilmore* and *John D. Wendorff* for appellant.

ARNOLD, J.—This is a suit in damages for personal injuries alleged to have been sustained by plaintiff through slipping, or stepping, into a hole in the sidewalk on the east side of Main street, in front of No. 1125, in Kansas City, Mo., at about 4:30 P. M. on January 6, 1916.

This is the second appeal in the case. On the former trial the judgment was in plaintiff's favor in the sum of $4000. There were included as parties defendant in that suit a number of persons who were owners of adjacent property. Demurrers were sustained as to these and they are no longer parties to the controversy. On the former appeal the judgment was reversed and the cause remanded, but on motions to modify the opinion, this court affirmed the judgment of the lower court as to the abutting property owners, but reversed the judgment and remanded the cause as to the defendant city. [See Shuff v. Kansas City, 257 S. W. 844.] The basis of our ruling was that there was no showing that the defendant city had notice as required by section 8904, Revised Statutes 1919. On retrial of the cause this condition was remedied by the introduction in evidence of the original petition, filed on March 1, 1916, and preserved in the bill of exceptions, upon which summons was duly issued. The return of the sheriff shows that this petition was served on the Honorable Henry L. Jost, mayor of Kansas City, Mo.

It has been held and is the law that the filing of suit and service of summons on the mayor, with petition, within the statutory ninety days, renders the giving of further notice unnecessary, providing, of course, the petition alleges facts which bring it within the purview of the statute. [Wolf v. Kansas City (Mo. Sup.) 246 S. W. 236, 239; Hunt v. City et al., 278 Mo. 213, 224, 211 S. W. 673, 676.] Both trials of the cause were to a jury and there is no material difference in the evidence introduced at each. We refer to our former opinion for a detailed statement of the facts. The verdict on the second trial was in favor of plaintiffs for $7500, and judgment for that amount was accordingly entered. Motions for new trial and in arrest were overruled and defendant appeals.

It is urged that the trial court erred in refusing defendant's instructions in the nature of demurrers at the close of plaintiff's evidence and also at the close of all the evidence, because there was a total failure of proof that plaintiff's injury was received at the place alleged in her petition, to-wit, in front of 1125 Main street. Defendant contends that as the petition positively alleges that plaintiff was injured by stepping into a hole in the sidewalk in front of

property located at 1125 Main street, she must prove this allegation, and that there is no evidence of record in support thereof.

The record discloses there was testimony tending to show that the location of the hole was at 1125 Main street. Plaintiff was asked, "Where was this hole, on what—in front of what building, if you know? A. Well, it was near 1125 Main street. Q. 1125 Main street? A. On the east side of the street." She further stated it was "next to the ten cent store."

Plaintiff's exhibit 1 is a photograph, introduced in evidence, which shows that the building numbered 1125 Main street is immediately adjoining the five and ten cent store of Kresge & Company. The exhibit also shows two holes in the sidewalk and that the larger is the one in question. H. C. Payne, city water inspector, testified that he issued the permit to place the water-box in front of 1125 Main street; that he had examined the hole after the accident and identified plaintiff's exhibit as showing the hole where the water-box was placed. The location of the hole in question at 1125 Main street also was testified to by W. E. Brandenburgh who, in reply to a question by the attorney for the city, stated that he had made measurements of the hole in front of 1125 Main street. There is no showing that there was any other hole in the sidewalk near the point in controversy than those above mentioned. While this is not the strongest possible testimony, yet it is of sufficient substantiality to support a verdict at the hands of the jury. We think the court properly held there was sufficient evidence to take the case to the jury. [Stripe v. Meffert, 229 S. W. 762.]

Defendant further insists that its instructions in the nature of demurrers should have been given for the reason that plaintiff was guilty of contributory negligence as a matter of law. We deem it unnecessary to discuss this question because, under the same state of facts, we fully determined this point in the former opinion (257 S. W. l. c. 846), where we said:

"We cannot so state as a matter of law. The question of whether plaintiff was guilty of contributory negligence is one for the jury. She testified that she did not see the hole before stepping into it. It was in a very important business portion of the city, where many people were passing. Plaintiff was not star gazing; she was walking along in the ordinary manner of a pedestrian, and was trying to avoid the crowd as much as possible, when her foot slipped into the hole. She is not to be convicted of contributory negligence as a matter of law because she failed to look for a hole in the sidewalk. [Ryan v. Kansas City, 232 Mo. 471, 134 S. W. 566, 985; O'Neill v. City of St. Louis, 292 Mo. 656, 239 S. W. 94, 96; Smith v. Kansas City (Mo. Sup.), 184 S. W. 82.]"

Defendant contends that its appeal must prevail because only one final judgment may be entered in one case. This argument is based upon the fact that one final judgment already has been entered in this cause, disposing of the issues and some of the parties; that this court, in its former opinion, disposed of all the parties defendant excepting the appellant herein; and disposed of all the questions pertaining to all the parties excepting Kansas City, Mo. It is argued that this being true, the court cannot now, in a separate and distinct judgment, dispose of the issues as to defendant Kansas City, because such attempt would be in direct violation of section 1528, Revised Statutes 1919, which reads:

"When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment may be given in the action."

On the first trial, the judgment of the circuit court in favor of defendants, the abutting property owners, was affirmed, but as against defendant Kansas City, the judgment was reversed and the cause remanded. Defendant argues that if this judgment is permitted to stand, there will be two separate and distinct final judgments in this case, one in favor of the defendants, the abutting property owners and against plaintiff, and one against the defendant city and in favor of plaintiff.

This position of defendant, in effect, challenges the right of this court to affirm the judgment rendered in the first trial in favor of the abutting property owners and to reverse the judgment and remand the cause for a new trial against defendant city only. The former opinion at p. 847, says:

"Not only is there no offer to show nor any showing of any liability on the part of the abutting property owners, but there is no permissible inference to that effect; but the inference, if any, is to the contrary. The opinion is therefore modified so as to affirm the judgment as to the abutting property owners, but reverse the judgment as to the city, and remand the cause for a new trial as to it."

That this court has the right so to rule is beyond controversy. In Adair v. Railroad, 282 Mo. 133, 220 S. W. 920, the Supreme Court said:

"Whatever may have been the instability of the court with reference to the entirety of a judgment in this respect, it is now established that, on appeal, the interests of the parties may be rightfully severed where the errors do not affect them jointly, and the rights of one are not dependent on those of another, and the judgment be reversed as to some and affirmed as to others. [Stotler v. Railroad, 200 Mo. 107, l. c. 149-50.] In the case just cited many Missouri authori-

ties were collected, to which we refer for further information on that point. The judgment of nonsuit as to that defendant is accordingly affirmed.

"For the reasons stated the judgment of the circuit court is reversed as to the other defendants, and the cause remanded to that court for further proceedings in accordance with this opinion."

Judgments are sometimes reversed as to one party and affirmed as to another. [Hunt v. Railroad, 89 Mo. 607, 609; Kleiber v. Railway Co., 107 Mo. 240; State ex rel. v. Tate, 109 Mo. 270. See, also, Beanc v. City, 211 Mo. App. 200, 240 S. W. 840.] We hold the judgment on the first trial in favor of the property owners and on the second, against the city, merely disposed of all the issues which, together, constitute but one final judgment, and there is no violation of the statute above quoted. We find no error in this respect.

The only question remaining for our consideration is in relation to the verdict. It is charged the verdict is erroneous in form because it neither found the issues nor assessed the damages; that, under the law the jury is required in its verdict to find the issues and assess the damages. The verdict reads.

"We, the jurors find a verdict for the plaintiff and award her seven thousand five hundred dollars ($7,500.)

"F. W. NIXON, foreman."

We think there is no merit in defendant's contention. It appears to us that the verdict does the two things which defendant says it fails to do. Beyond question the first clause must be construed to mean that the issues are found for the plaintiff, and the words "and award her seven thousand five hundred dollars ($7,500)" can be read in no other way than as an award of damages. We think the verdict is not open to the objection urged. It seems to us to be plain and unambiguous. There was no error in the action of the trial court in receiving the verdict as given and entering judgment accordingly. Verdicts are not required to be in any particular form. [Scott v. McLennan, 242 S. W. 140; Gawk v. Millovich, 203 S. W. 1006; Hays v. Hogan, 273 Mo. 1; Mekos v. Fricke, 139 S. W. 1181.] Where the manifest intention of the jury is easily ascertained from the language, the fact of the omission of a word or words will not vitiate the verdict. [27 R. C. L. 858-860.]

Finally, it is insisted the verdict is excessive. There is evidence of plaintiff's suffering from January, 1916, to the date of the trial in 1924, from nervousness; that she suffered from the condition of her back and nerves all the time; sometimes for a period of two to three weeks, she would get but one or two hours sleep at night; that she suffered from pain in her back at all times; that she gets sick and vomits at night; that in 1923 she had two or three knots grow on the back of her head, relieved only by rubbing; could not bend her

head over; one leg "drew up my side" with pain, she stated. She gets nervous and cries most of the time; her nerves "go wild" and every little thing shocks her; gets frightened and cries and her eyes hurt; has nervous chills, shakes all over, cramps in her back and sometimes her back swells. The above statements are from the testimony of plaintiff herself.

On the other hand, the testimony shows that after her fall plaintiff proceeded on her journey and walked unattended and unassisted to the objective of her journey, a block or two distant; from there she walked back to Twelfth street and went on the street car to Twelfth and Lydia avenue and walked up two flights of stairs, where she remained all night. The next morning she walked downstairs and boarded a street car to the union station, changing cars in transit. She went to Pleasanton, Kansas, alone and unassisted; went to her mother's home in the country, stopping at her sister's on the way; remained at her mother's several days, thence to her home in Pleasanton, Kansas, where she remained for a year or so. At no time did she call a physician or obtain any medical or surgical treatment until three weeks after the accident when she went to Kansas City and consulted a Dr. Wolf who examined and X-rayed her, but gave her no treatment beyond placing some adhesive strips on her back which irritated her; her back swelled where the strips were; she removed the strips later when the swelling disappeared, and again Dr. Wolf applied adhesive strips to her back.

There seems to be no question but that plaintiff is suffering from nervousness which may be greatly exaggerated, but as to this, we do not assume the province of determining. Of course the trial court and the jury are in a much more advantageous position to judge of plaintiff's actual condition than are we, of this court. They saw plaintiff and observed her appearance, while we have before us only the cold type. We are loth to interfere with the verdict of a jury, but it seems to us from the testimony of record that the verdict, in fact, is excessive. Therefore, if, within ten days, plaintiff will remit $2500 from the amount returned by the jury, the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded for a new trial. *Bland, J.,* concurs; *Trimble, P..J.,* absent.