LEWIS COUNTY C–1 SCHOOL DISTRICT et al., Relators,

v.

Bruce NORMILE, Circuit Judge, Second Judicial Circuit, Respondent.

No. 53503.

Supreme Court of Missouri, En Banc.

July 8, 1968.

Rehearing Denied Sept. 9, 1968.

Warren D. Welliver, Paul M. Peterson, Columbia, Earl L. Veatch, Monticello, for relators.

J. Andy Zenge, Jr., Dennis W. Smith, Canton, for respondent.

HOLMAN, Chief Justice.

In this original proceeding in prohibition relators seek to prevent the respondent from taking any further action in the case of George Beilstein et al. vs. Lewis County C–I School District et al., which is pending in the Circuit Court of Lewis County. Relators are the defendants in that case. Respondent is the Circuit Judge of Lewis County. On December 11, 1967, we issued our provisional rule upon petition of relators.

The facts were stipulated and they present a rather novel situation. Lewis County C–I School District is a consolidated district organized by an election held for that purpose on May 26, 1967. There are approximately 1,700 students in the district. Four school districts were consolidated to form the new district. They were Lewis County School District R–I, Lewis County School District R–II, Lewis County School District R–IV, and Lewis County School District R–VI. Each of said original districts, in April 1967, submitted to the voters a proposal for approval of a tax rate under the provisions of §§ 164.021 and 164.-031 [1]. The voters approved tax rates in the

1. Statutory references are to RSMo.1959, V.A.M.S.

respective districts as follows: R–I, $2.50; R–II, $2.55; R–IV, $3.20; and R–VI, $3.25. The county clerk assessed those rates and extended them upon the general tax books of the county, prior to July 15, 1967, in the names of the respective predecessor districts.

Newly formed District C–I elected directors on June 23, 1967. That district did not prepare an estimate of the amount of money to be raised by taxation for the ensuing school year, or the rate required to produce that amount, and no such estimate was submitted to the county clerk. The district did not hire a superintendent of schools until after July 15, 1967, which was the last date any such estimate should have been filed with the county clerk. No election was called in that district to authorize a tax levy in excess of the constitutional limitation.

On October 30, 1967, the county collector of Lewis County was prepared to send out tax statements to the taxpayers in the C–I district, based on the four different rates established by the elections in the four predecessor school districts.

The suit with which we are concerned was filed in the fall of 1967 by a group of taxpayers of the C–I district against said district, its directors, the treasurer of said district, the Lewis County collector, and the Lewis County treasurer. In their petition in that suit, the plaintiffs sought to enjoin the collection of the taxes, at the rates assessed (or at any rate exceeding $1.25 per $100 which can be levied without approval of the voters), and for other relief designed to effectuate that injunction. As will be hereinafter more fully discussed, it was the theory of plaintiffs that the taxes assessed in the predecessor districts were unconstitutional and void because the rates were not uniform throughout the C–I district for the same class of property. The case was heard by respondent on October 30, 1967, and taken under advisement. On November 17, 1967, respondent filed an opinion and judgment in which it was held that any tax

which exceeded $2.50 was illegal, and the county collector of Lewis County was enjoined from paying over to the county treasurer any taxes collected in the name of C–I or its predecessors to the extent that said taxes exceeded a levy of $2.50. The treasurer of Lewis County was enjoined from receiving any of said illegal taxes. The collector was directed, on January 1, 1968, to pay over any funds illegally collected to the C–I district, and said district was ordered to make refund of the illegal taxes to taxpayers who had paid them. It is obvious from the judgment entered that respondent sought to avoid any violation of the constitutional requirement of uniformity by holding that taxpayers throughout the district should pay the smallest rate adopted by any of the predecessor districts, and that the district should bear the burden of returning any excess collected to the taxpayers of the three districts which voted a higher rate.

The attorneys for relators had requested that respondent give them notice prior to the entry of any judgment, but, by inadvertence, they did not receive notice until a few days after the injunction order was actually entered. Immediately thereafter the relators filed their petition for prohibition, a stop order was issued, and in due time, as stated, our provisional rule was issued.

■ Article X, § 3, Missouri Constitution 1945, V.A.M.S., provides, in part, as follows: "Taxes may be levied and collected for public purposes only, and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." It is respondent's contention that in order to avoid violation of the quoted provision the tax rate levied upon the assessed valuation of the property of the taxpayers of the entire C–I District was required to be the same. As indicated, he asserts that unformity resulted from his judgment to the effect that the amount of any levy exceeding the rate of $2.50 was illegal and was required to be returned to

the taxpayers. While we agree that the judgment of the court would have resulted in a uniform rate of $2.50 for all taxpayers in the newly formed C–I District, we are convinced that the judgment exceeded the jurisdiction of the court and was void. This for the reason that the judgment had the effect of fixing the tax rate for C–I District, and such is beyond the power of the court. "The power to levy and collect taxes is purely statutory, and has been confided to the Legislature and not the courts." State ex rel. and to use of Parish v. Young, 327 Mo. 909, 38 S.W.2d 1021, 1023. It is our view that the tax rates approved by the voters of each predecessor district for the property within each district is either valid, or there was no lawful levy of taxes for school purposes in C–I for the year in question.

We fully agree that if District C–I had levied a tax upon the same class of property at a different rate in one part of the district than it did in another, Article X, § 3, would have been violated. It will be noted, however, that the constitutional restriction and limitation is upon "the authority levying the tax." We think it is significant that the authority referred to by respondent is District C–I and that that district did not levy any tax for the year in question. Therefore, the constitutional provision is not strictly applicable to the situation presented.

■ It is our conclusion that the tax rate fixed by the voters in each of the component districts was valid when approved and did not violate the quoted constitutional provision; that the fact that those districts later ceased to exist and became a part of C–I would not invalidate the levies; that the county collector could properly collect the said taxes levied in the four predecessor districts and pay same to the county treasurer; that the county treasurer could lawfully pay the said amounts to District C–I.

■ We reach those conclusions in the following manner: It is the general statu-

tory plan that when a consolidation of school districts is approved the component districts shall immediately cease to exist and the newly formed district shall be entitled to receive all of the assets of said districts, and shall be liable for all of the debts and legal obligations of said former districts. See § 162.251; State ex rel. Consolidated School District No. 8 of Pemiscot County v. Smith, 343 Mo. 288, 121 S.W.2d 160 [5]; State ex rel. Smith v. Gardner, Mo.App., 204 S.W.2d 319 [1]. We think the taxes approved and levied in each of the component districts immediately became a property right or intangible asset of each district. Upon the approval of the plan of reorganization those assets became the property of the new district and it was entitled to receive the taxes collected. It was the duty of the collector to collect the taxes in accordance with the tax books furnished him. State ex rel. and to use of Parish v. Young, supra. And it was his duty to pay the amounts collected to the county treasurer. Section 165.071. By reason of §§ 165.071 and 162.251, it was the duty of the treasurer to pay said funds to District C–I. Said district should not be required to refund any part of said taxes to the taxpayers but may use the entire amount for its general purposes.

■ By inadvertence, the injunction order was entered without notice to relators and they had no opportunity to seek a writ of prohibition prior to its entry. In that situation we are of the opinion that our writ should require affirmative action on the part of respondent. State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62; State ex rel. Jakobe v. Billings, Mo.Sup., 421 S.W.2d 16.

Our provisional rule in prohibition is made absolute and respondent is prohibited from taking any further action in the aforementioned case except that he shall enter an order setting aside the order which granted the injunctions in that case.

All concur.