**STATE of Missouri ex rel. Jakob VOGEL,
Relator,**

**v.**

**Honorable Robert Lee CAMPBELL, Judge of
the Circuit Court of St. Louis County,
Missouri, Respondent.**

**No. 58359.**

Supreme Court of Missouri,
En Banc.

Feb. 11, 1974.

Kroening & Kelly, Clayton, Missouri, Walter S. Berkman, Clayton, for relator.

Robert F. Ritter, Gray, Friedman & Ritter, St. Louis, for respondent.

DONNELLY, Chief Justice.

This is prohibition.

We transferred this case from the Missouri Court of Appeals, St. Louis District and decide the case the same as on original appeal (Mo.Const. Art. V, § 10, V.A.M.S.). We have heard the case, and agree with the result reached by the Court of Appeals. We are indebted to Judge Simeone for his opinion, a substantial portion of which we adopt without quotation marks.

Relator, Jakob Vogel, brought an action in the Circuit Court of St. Louis County against Gamble Construction Co., Inc., James Waller, Herman Shanker Realty & Development Co., Inc., and Herman Shanker individually to recover damages as a result of injuries sustained when Vogel's automobile skidded across a road and collided with a telephone pole, allegedly because of the negligence of defendants. The original petition alleged that Gamble was the general contractor engaged in the construction of a shopping center in Ballwin, Mo., that Waller was a subcontractor engaged in excavating, grading and constructing driveways, curbs and access lanes on the highway right-of-way. Vogel alleged that defendants, by excavations and storage of dirt in piles and the operation of trucks and other vehicles, caused large amounts of dirt and mud to accumulate on

the road; when wet, this accumulation caused a slippery and dangerous condition for the passage of vehicles. Various allegations of negligence were made. Vogel prayed for damages for personal injury and property.

In due time the cause was tried before respondent and a jury. Trial was held from January 17 to January 21, 1972. At the close of the evidence respondent directed a verdict in favor of defendant Waller.

The cause was submitted to the jury separately as to defendants Shanker and Gamble with the same verdict-directing instruction except as to the names of defendants.

At about 11:57 a. m. on January 21, 1972, the jury retired to deliberate. During the deliberations the jury forwarded various notes to respondent, the contents of which were not revealed to respective counsel, with the exception of the first. One note was received at 12:07 p. m., one at 2:55 p. m. and another at 4:35 p. m. Upon receiving this last note, respondent called the jury in and asked whether they currently stood at seven to five. The foreman replied "That is correct." He stated that there seemed to be a possibility they could reach a verdict. Respondent then requested the jury to return to the jury room. The jury deliberated all afternoon. At about 6:05 p. m. respondent received the last handwritten note which is in issue here. The note was signed by the foreman, Mr. Karbach, and read as follows: "Need instruction if verdict is for plaintiff & against Gamble—What conditions are necessary? Our present vote is 12 in favor of exonerating Shanker and 8–4 in favor of exonerating Gamble. If the Gamble instructions could be clarified we may have a verdict. W. Karbach, Foreman."

After receiving the note, respondent discussed the situation with counsel outside the hearing of the jury, but did not discuss or reveal how the vote stood or the substantive contents of the note. After some discussion among respondent and counsel

regarding the proper procedure to be followed, the jury was recalled and respondent asked whether they still stood numerically as when they sent the last note. The foreman replied in the affirmative, and in response to a question whether they felt if they ". . . ate and came back here in one hour . . . do you feel you would still be deadlocked?", the foreman replied "I believe so, yes." Further discussion with counsel occurred. Then the following occurred in the presence of the jury, which respondent contends shows, coupled with the contents of the note, the jury rendered a verdict:

"THE COURT: Mr. Karbach, do you still stand 12 to 0 in favor of one defendant?

MR. KARBACH: Yes, sir, that is correct.

THE COURT: Do all of the jurors know the content of the last note that Mr. Karbach sent out to me?

MR. KARBACH: Yes, sir, they do.

THE COURT: Did you relate it to them?

A. MR. KARBACH: Yes, sir.

THE COURT: In view of the fact that you stand 12 to 0 in favor of one defendant, is there anyone [sic] of the 12 jurors who does not stand 12 to 0 for the one defendant, in accordance with the note, the note Mr. Karbach sent out?

I take it by your silence, that all of you—although I won't say the words reached a verdict—all of you have agreed on exonerating one defendant. Is that correct, Mr. Karbach?

MR. KARBACH: That is correct, sir.

THE COURT: At this time, I have no alternative except to declare a mistrial in the case. Does any attorney want anything further on the record, at this time? Mr. Kelly?"

Mr. Ritter, attorney for defendants Shanker, requested the jury be polled, but respondent denied this request. Respondent then excused the jury. After dismissal of the jury, respondent informed counsel of the contents of the notes, including the last one in issue.

On January 26, 1972, counsel for defendants Shanker filed a motion to enter judgment in their favor in accordance with the jury's verdict, and an alternative motion for entry of judgment in their favor in accordance with their motion for directed verdict filed at the close of all the evidence. The motion was heard on February 18, 1972, and respondent overruled the motion for judgment in accordance with the motion for directed verdict, but sustained the motion to enter judgment in accordance with the jury's verdict. Judgment was then entered in favor of defendants Shanker and "held in abeyance pending determination of Plaintiff's cause of action against Defendant Gamble Construction Co., Inc."

Relator requested respondent to delay entering his order and judgment so that counsel could apply for a writ of prohibition, and was granted until 5:00 p. m. of the same date to do so. On February 22, 1972, relator filed his petition for a writ of prohibition in the St. Louis District of the Court of Appeals, and after receiving suggestions, that Court issued its provisional writ on March 23, 1972.

The primary issue in this case is whether there was a "verdict" of the jury rendered under these facts in favor of defendants Shanker. We hold there was not and make the provisional rule of the St. Louis District of the Court of Appeals absolute.

A verdict has been described as the ". . . definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination." State v. Casey, 338 S.W.2d 888, 891 (Mo.1960). Webster's Third New International Dic-

tionary defines "definitive" to mean ". . . serving to supply a final answer . . ." A verdict is the *final* decision of a jury. Because the verdict must represent the final decision of the jury, the court and jury must establish that the jury intends that its decision be final. Therefore, before a jury decision is considered final and a "verdict", it must be submitted to the court, accepted by it and assented to by the jury, and recorded by the court. Lummi Boy Packing Co. v. Kryder, 263 S. W. 543, 545 (Mo.App.1924). This procedure affords the jury ample opportunity to correct any misunderstanding, realize the finality of its decision and finally assent to a verdict.

We agree that at some time in its deliberations in this case the jury reached a tentative decision that defendants Shanker were not liable. However, this conclusion is not sufficient to sustain respondent's position. "In the first place, the fallacy is in assuming that the . . . paper brought in was a verdict. In one sense it may have been, if we mean that it was, at that moment, the answer and finding of the jury; but it did not become a verdict on which a judgment could be rendered, for it was never received and recorded." Lummi Boy Packing Co. v. Kryder, supra. Respondent relies upon a number of decisions to urge us to reach the conclusion that the note and subsequent interrogation constituted a verdict in favor of defendants Shanker. Shuff v. Kansas City, 221 Mo.App. 505, 282 S.W. 128 (1926); Holmes v. Braidwood, 82 Mo. 610 (1884); Peckham v. Lindell Glass Co., 7 Mo.App. 563 (1879); Switzer v. Switzer, 373 S.W.2d 930 (Mo. 1964). In each of these cases the court received the decision of the jury. The jury had ample opportunity to realize the finality of its decision. In each case the only question was whether the verdict was ambiguous. They are not in point.

Counsel for the parties have not directed us to any decision, and our own research has failed to reveal any authority which holds that a note or memorandum to the judge constitutes the verdict of the jury. The note in question was one of a series of communications during the long hours of jury deliberation. The note itself, while signed by the foreman, uses language that indicates that if matters were clarified a verdict could be reached. The language of the note is persuasive evidence that the note did not constitute the verdict. ". . . Our *present* vote is 12 in favor of exonerating Shanker . . . If the Gamble instructions could be clarified *we may have a verdict* . . ." (Emphasis added.) The jury may well have continued to deliberate after the note was sent to respondent. In no sense could this note be taken to satisfy the element of finality requisite for a verdict which demands that the trial court ascertain the jury's intent to determine when the jury's decision is final.

 We believe that no verdict was rendered in favor of defendants Shanker. The "decision" of the jury was not received by respondent in open court and was not accepted as the verdict of the jury. It was not until days later that respondent sustained the motion of defendants Shanker to enter judgment in accordance with the "verdict". The intention of the jury was not received as a verdict in open court or in the presence of the jury. Respondent did not indicate to the jury that its "decision" was final and accepted as a verdict. Under these circumstances there was an expression of intent on the part of the jury, but no verdict.

The remaining question is whether prohibition is the proper remedy. Respondent contends that the writ of prohibition is not the proper remedy because: (1) respondent entered the judgment in the exercise of his discretion; (2) the writ is not the proper remedy to prevent a judicial act which has been completed or performed; and (3) relator has an adequate remedy by way of appeal.

 It is true that the general principle is that prohibition will not lie when the act sought to be prohibited has already

been performed, or that the writ cannot be substituted for an appeal. State ex rel. Templeton v. Seehorn, 208 S.W.2d 789 (Mo.App.1947); State ex rel. Berbiglia, Inc. v. Randall, 423 S.W.2d 765 (Mo. banc 1968); State ex rel. Bolshaw v. Montgomery, 137 S.W.2d 654, 656 (Mo.App.1940). And it has been held that prohibition will not lie to control discretionary judicial acts. State ex rel. Allen v. Yeaman, 440 S.W.2d 138, 145 (Mo.App.1969); State ex rel. Norfolk & W. R. Co. v. Dowd, 448 S.W.2d 1, 4 (Mo. banc 1969).

 But these principles have their limitations and exceptions. (1) The writ is properly invoked to restrain the enforcement of orders beyond or in excess of the authority of a judge and to keep a court within the compass of its jurisdiction. State ex rel. Houser v. Goodman, 406 S.W.2d 121, 127 (Mo.App.1966); State ex rel. Kubatzky v. Holt, 483 S.W.2d 799 (Mo.App.1972). (2) Where the relator is not given a reasonable opportunity to seek a writ of prohibition, the writ has issued. Lewis County C–I School Dist. v. Normile, 431 S.W.2d 118 (Mo. banc 1968). (3) Prohibition lies where the order is not complete and self-executing. State ex rel. Templeton, supra.

 Although prohibition cannot be substituted for an appeal, the right of appeal must be a full and adequate remedy before its availability will preclude resort to prohibition. State ex rel. Berbiglia, Inc., supra. A judgment on a verdict which is held in abeyance until the remaining parties are disposed of is not appealable. State ex rel. Great Am. Inc. Co. v. Jones, 396 S.W.2d 601 (Mo. banc 1965). We believe prohibition is available.

Respondent raises the constitutional argument that to deprive defendants Shanker of the "verdict" and "judgment" would be to deprive them of property without due process by compelling them to incur expense attendant upon a retrial, all in violation of Mo.Const. Art. I, §§ 10 and 22(a) and U.S.Const. Amend. XIV. This contention assumes that a proper and formal verdict was rendered by the jury, and judgment entered therein. We have held that no verdict was rendered under the facts presented here.

Therefore, since no verdict was rendered by the jury in the cause, and because the remedy of prohibition is appropriate, the provisional writ is made absolute.

SEILER, MORGAN, HOLMAN, BARDGETT and HENLEY, JJ., concur.

FINCH, J., concurs in result in separate concurring opinion filed.

FINCH, Judge (concurring in result).

I concur in the result in this case in that I agree that no verdict was rendered by the jury and that as a result the provisional writ in prohibition should be made absolute. However, for the reasons expressed in my concurring opinion in State ex rel. Ford Motor Company v. Godfrey, 505 S.W.2d 59 (Mo. banc 1974), I am of the opinion that we reach the question of whether there was a verdict only after determining that a verdict for or against one joint tort-feasor is permissible even though the jury is unable to reach a verdict for or against the other defendant or defendants. I would answer that question in the affirmative for the reasons expressed in my concurring opinion in the Ford Motor Company case, and only after so doing would conclude that what occurred did not amount to the rendition of a verdict in favor of the defendants Shanker.