STATE of Missouri ex rel., John ASHCROFT, Attorney General of Missouri, and the Missouri Clean Water Commission, Relators,

v.

Honorable Dean WHIPPLE, Judge, Circuit Court, Camden County, Missouri, Respondent.

No. 12761.

Missouri Court of Appeals, Southern District, Division One.

Feb. 15, 1983.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for relators.

Harvey M. Tettlebaum, Walter W. Nowotny, Jr., Jefferson City, for respondent.

CROW, Judge.

Relators[1] in this original proceeding in prohibition seek to prevent respondent from dismissing relators' petition as to certain defendants in a civil action arising out of alleged violations of the Missouri Clean Water Law[2] and regulations of the Clean Water Commission of the State of Missouri ("the Commission").[3] We have jurisdiction. Mo. Const. Art. V, § 4.

On January 22, 1982, relators filed a petition in the Circuit Court of Camden County against Ozark Terra, Incorporated, a corporation ("Terra"), and 34 individuals. Summarized, the petition alleges:

1. In 1974, Terra acquired land in Camden County; in 1974 and 1975 Terra developed and sold lots in Osage Beach Development No. 4 ("Development 4"), a subdivision; 11 individual defendants own one or more lots in Development 4; in 1975 Terra filed a "resubdivided plat" of certain land, naming the subdivision Kirkwood Harbor ("Harbor"); Development 4 was renamed and made part of Harbor; 22 of the other 23 individual defendants own one or more lots in Harbor, and two of the individual defendants who own land in Development 4 also own one or more lots in Harbor.[4]

2. Development 4 was developed as a "subdivision" as defined in Commission reg-

---

1. In the petition for writ of prohibition, relators are designated "plaintiff" and respondent is designated "defendant" in accordance with Rule 97.02, Missouri Rules of Civil Procedure, as it read when this proceeding began. Rule 97.02 was amended effective January 1, 1983, to provide that the person seeking relief in prohibition is relator and the person against whom relief is sought is respondent. We so designate the parties.

2. §§ 204.006 to 204.141, RSMo 1978. The Missouri Clean Water Law was amended by S.B. 646, 81st General Assembly, 2d Regular Session, 1982. The amendments took effect August 13, 1982, after this cause was briefed but before argument. The issues before us are not affected by the amendments.

3. In the pleadings here, the Commission is called "Missouri Clean Water Commission." Its name, by statute, is Clean Water Commission of the State of Missouri. §§ 204.021.1, RSMo 1978.

4. The remaining individual defendant (Marla Jo Batts) is not alleged to own any land. Why she was named a defendant is not apparent. The only clue is an allegation that the individual defendants are "owners, residents or occupants" of the land in question. She may be a resident or occupant.

ulations[5]; Harbor is a "subdivision" as defined in Commission regulations[6] and contains 33 lots, and Terra is a "developer" as defined in Commission regulations.[7]

3. A developer, before selling any lot, is required by Commission regulations[8] to submit to the Missouri Department of Natural Resources ("the Department")[9] an engineer's plan for wastewater disposal; the Department must approve the plan, and the developer must comply with all conditions and requirements of the Department, the Missouri Clean Water Law and Commission regulations prior to sale of any lot or commencement of construction by any developer or owner.[10]

4. Commission regulations[11] require centralized sewage collection and treatment systems in subdivisions with lots of less than three acres; single-family dwelling wastewater treatment facilities may not be used on such lots absent Department approval[12]; Harbor's lots are less than three acres, and the Department has not approved single-family dwelling wastewater treatment facilities for Harbor.

5. Terra filed no engineer's plan, failed to provide a centralized sewage collection and treatment system for Harbor, and failed to comply with the conditions and requirements of the Department, the Missouri Clean Water Law and Commission regulations; Terra has thus violated and continues to violate § 204.076.1, RSMo 1978.

6. Since 1974, Terra has installed, or allowed installation of, single-family dwelling wastewater treatment facilities on lots in Harbor; "several" individual defendants[13] have installed such facilities on their lots in Harbor; Terra and those individuals have thus violated Commission regulations.[14]

7. Harbor's geology is unsuited for single-family dwelling wastewater treatment facilities; effluent from such units is not absorbed by soil, but flows and seeps into the adjacent Lake of the Ozarks ("the Lake"); the Lake constitutes waters of the state, § 204.016(15), RSMo 1978; the effluent is a water contaminant, § 204.016(12), RSMo 1978; effluent in the Lake will cause pollution,[15] creating a public nuisance and a "threatened violation of §§ 204.051.1 and 204.076.1, RSMo 1978."

8. Terra will continue to sell, lease or rent lots in Harbor, and continue to install, or allow installation of, single-family dwelling wastewater treatment facilities unless enjoined; existing single-family dwelling wastewater treatment facilities are unlawful, and the individuals possessing lots where such units exist should be enjoined from using them and ordered to remove them; any single-family dwelling wastewater treatment facilities hereafter installed in Harbor will be in violation of Commission regulations, and all defendants should be enjoined from installing them; such orders are necessary to abate the nuisance and

---

5. 10 CSR 20–2.010(42) and 10 CSR 20–6.030(1)(A)3. "CSR" references are to the Code of State Regulations, § 536.031, RSMo 1978. We take judicial notice of CSR. *Id.*

6. 10 CSR 20–2.010(42) and 10 CSR 20–6.030(1)(A)3.

7. 10 CSR 20–2.010(9) and 10 CSR 20–6.030(1)(A)2.

8. 10 CSR 20–6.030(3) and (4).

9. Mo. Const. Art. IV, § 47.

10. 10 CSR 20–6.030(4)(A).

11. 10 CSR 20–6.030(3)(A)3.

12. *Id.*

13. Their identities are not disclosed.

14. 10 CSR 20–6.030(3)(A)3.

15. § 204.016(7), RSMo 1978, defines pollution as "such contamination or other alteration of the physical, chemical or biological properties of any waters of the state, including change in temperature, taste, color, turbidity, or odor of the waters, or such discharge or any liquid, gaseous, solid, radioactive, or other substance into any waters of the state as will or is reasonably certain to create a nuisance or render such waters harmful, detrimental or injurious to public health, safety or welfare, or to domestic, industrial, agricultural, recreational, or other legitimate beneficial uses, or to wild animals, birds, fish or other aquatic life;". In Laws 1972, p. 820, the word following "discharge" is "of," not "or."

prevent further violations of the Missouri Clean Water Law and Commission regulations.

The petition seeks an injunction:

(A) Prohibiting Terra from selling, leasing or otherwise conveying any interest in Harbor until Terra complies with the Missouri Clean Water Law and pertinent Commission regulations;

(B) Prohibiting all defendants from commencing construction of inhabitable structures, or placing mobile homes, on any lot in Harbor, and from installing or using single-family dwelling wastewater treatment facilities on any lot in Harbor, until they comply with the Missouri Clean Water Law and pertinent Commission regulations;

(C) Compelling all defendants to remove single-family dwelling wastewater treatment facilities from the lots in Harbor where such facilities exist; and

(D) Compelling all defendants to (1) dedicate a common sewage collection and treatment system to a municipality or public sewer district, or (2) establish a sewer district "in accordance with Chapters 249 and 250, RSMo 1978," or (3) establish a private sewer company regulated by the Missouri Public Service Commission,[16] or (4) establish a property owners association, with covenants on all land in Harbor, to build, operate and maintain wastewater collection and treatment facilities for all lots in Harbor.

The petition also seeks civil penalties of $10,000 per day from Terra for each day it has violated the Missouri Clean Water Law and Commission regulations. § 204.076.1, RSMo 1978. No penalties are sought from the individual defendants.

On May 11, 1982, respondent denied a motion by Terra to dismiss the petition, but ordered that motions to dismiss by all individual defendants would be sustained on a designated future date. The order concluded, "The Court finds it does not have jurisdiction over individual defendants under existing statutes or State regulations."

Relators promptly petitioned us for a writ of prohibition, seeking to prevent respondent from granting the individual defendants' motions to dismiss.[17] We issued a preliminary order[18] commanding respondent not to dismiss the action against the individual defendants based on lack of jurisdiction, and to answer relators' petition for writ of prohibition.[19]

■ We first consider whether prohibition is the proper remedy. Prohibition has been the means of preventing a trial judge from ordering dismissal of a petition as to certain defendants where the petition pleads a cause of action against those defendants. *State ex rel. Eli Lilly and Company v. Gaertner,* 619 S.W.2d 761 (Mo.App. 1981). Here, relators cannot obtain prompt review of respondent's intended order by appeal because the order will not dispose of all issues between all parties, and no appeal lies from such an order unless it is designated final for purpose of appeal. *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974); Rule 81.06. No such designation appears. Accordingly, review by appeal would have to await final judgment by the trial court on the issues between relators and Terra. Appeal, therefore, is not an adequate remedy, *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54 (Mo. banc 1974), and prohibition

**16.** § 386.020.19, RSMo 1978; § 386.020.20, RSMo 1978; § 386.250(9), RSMo 1978, amended 1980.

**17.** It appears from attachments to the petition for writ of prohibition that 25 individual defendants had filed motions to dismiss at the time relators sought prohibition.

**18.** Rule 97.05. Rule references are to Missouri Rules of Civil Procedure.

**19.** We received answers to the petition for writ of prohibition from 21 of the individual defendants in the underlying suit. Rule 97.06. Mary Denton, through an attorney, also filed an answer with us, even though she is not named as a defendant in the petition in the underlying suit. She may have been added as a defendant after the underlying suit began, however that is not revealed in the record before us. Respondent filed no answer to the petition for writ of prohibition, but a brief was filed on his behalf by two attorneys representing certain defendants in the underlying suit. Relators' brief was the only other brief filed.

lies if respondent's intended order is contrary to law. *State ex rel. Government Employees Insurance Company v. Lasky,* 454 S.W.2d 942 (Mo.App.1970).

■ We must thus determine whether respondent is correct as a matter of law in holding that relators' petition states no cause of action against the individual defendants for the reason that they are not subject to the statutes and Commission regulations relied on by relators.

Respondent's brief does not dispute the authority of the Commission to adopt the regulations upon which relators rely,[20] nor does it attack the validity of any individual regulation, nor does it argue that the regulations became effective after Terra and the individual defendants acquired the land. Furthermore, the brief contains no assertion that the individual defendants are not subject to the statutes relied on by relators.

Respondent's brief simply argues that the regulations relied on by relators apply only to developers of subdivisions, and not to "individual lot owners." The brief characterizes the relief sought in the trial court as "installation of a central sewer system and sewage treatment facility," and asserts such relief cannot be obtained against the individual defendants. It is argued that relators sued the individual defendants "only for the purpose of obtaining complete relief against Ozark Terra."

The above arguments, being the only ones made, are the ones we consider.

With respect to whether the Commission regulations relied on by relators apply only to developers, and not to individual lot owners, we note that certain sections do indeed apply only to developers.[21] Other sections, however, apply to anyone who owns or occupies a lot in a subdivision. For example, 10 CSR 20–6.030(2)(E) provides that under certain circumstances, any "developer(s), owner(s), or person(s)" controlling any single-family dwelling wastewater treatment facilities on or after the effective date of that section,[22] whether then in existence or installed in the future, shall eliminate such facility and connect the dwelling to a municipal or public sewer district system or a sewer system regulated and certificated by the Missouri Public Service Commission. 10 CSR 20–6.030(3)(A)3 provides that in subdivisions with lots of less than three acres but at least 15,000 square feet on which construction of single-family dwellings is proposed, centralized sewage collection and treatment systems shall be provided, and single-family dwelling wastewater treatment facilities may not be used unless certain conditions exist. Clearly, if the requisite conditions do not exist, and the use of such facilities is therefore prohibited, they would be prohibited on all lots, by whoever owned or occupied, and not just on lots owned by the developer. These two sections illustrate that the assertion that the Commission regulations relied on by relators apply only to developers, and not to individual lot owners, is incorrect.

With respect to whether the relief sought in the trial court can be obtained only from the developer, and not from the individual defendants, we note that relators pray for several kinds of relief. Civil penalties are sought only against Terra, but other relief, such as enjoining the use, and requiring the removal, of single-family dwelling wastewater treatment facilities is sought against all owners and occupants of lots where such facilities exist. Such relief appears authorized by § 204.051.1(1), RSMo 1978, amended 1982; § 204.076.1, RSMo 1978, and 10 CSR 20–6.030(3)(A)3. There is no showing in respondent's brief that such relief, if supported by the evidence, would be beyond respondent's authority to grant. Relators

---

**20.** The Commission's authority to adopt rules and regulations to enforce, implement and effectuate the Missouri Clean Water Law is set out in § 204.026(8), RSMo 1978.

**21.** For example, 10 CSR 20–6.030(2)(A); 10 CSR 20–6.030(2)(B); 10 CSR 20–6.030(2)(C), and 10 CSR 20–6.030(3)(A).

**22.** 10 CSR 20–6.030 was originally effective June 24, 1974, and amended effective June 26, 1975.

 

also pray that all defendants be ordered to dedicate a common sewage collection and treatment system to a municipality or public sewer district, or establish a sewer district, or establish a private sewer company regulated by the Missouri Public Service Commission, or establish a property owners association to build and maintain a sewer system. There may—or may not—be an issue as to what respondent can require the individual defendants to do in that respect. The matter has not been briefed and we express no opinion.

It is evident, however, that at least some of the relief sought can, if justified by the evidence, be obtained from the individual defendants, or at least those who own or occupy lots where single-family dwelling wastewater treatment facilities exist. The assertion in respondent's brief that the relief sought can be obtained only from Terra is incorrect.

We are mindful that different circumstances may exist among the individual defendants. Some may own unimproved lots on which no wastewater originates. Of those, some may be planning to erect improvements, while others may be holding their lots simply for resale. Other individual defendants may own lots on which mobile homes or dwelling houses are situated and occupied, which obviously generate wastewater.

We are also mindful that relators have not asked that Terra alone be compelled to install a centralized sewage collection and treatment system, but only that Terra be enjoined from selling lots until such a system is installed and approved. If respondent should ultimately grant such an injunction against Terra, there is no way of knowing whether Terra will install the system or simply refrain from selling lots. If Terra chooses to install the system, it may, or may not, need construction easements and permanent easements from some or all of the individual defendants. If Terra does not install the system, respondent may have to resolve the legal and factual issues of whether to require all defendants to form an organization or sewer district to provide for central collection and treatment of wastewater.

How all of this will be adjudicated by respondent remains to be seen. No evidence has been heard and no factual findings made. What relief, if any, may be appropriate, and against whom, depends on evidence yet unheard and findings yet unmade.

All we decide now is that, on the record before us, relators' petition is not vulnerable to motions to dismiss by the individual defendants on the ground relied on by respondent in his proposed order. The preliminary order in prohibition heretofore issued is made absolute. Respondent is ordered not to grant the individual defendants' motions to dismiss on the ground that respondent lacks jurisdiction over them under the statutes and Commission regulations relied on by relators.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.